# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

October 4, 2024

**VIA ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*, Case No. 1:24-cv-05874-NRB

Dear Judge Buchwald:

      Defendants Ryan Cohen and RC Ventures LLC ("RCV" and, together, the "Cohen Defendants") submit this letter pursuant to Your Honor's Individual Rule 2.B to respectfully request a pre-motion conference for leave to move to dismiss the Complaint.

      Plaintiff purports to assert claims under Section 16(b) of the Securities and Exchange Act of 1934. Section 16 addresses "short-swing" trading by enumerated categories of "statutory insiders"—officers, directors, and greater than 10% beneficial owners of a company's stock. *See* 15 U.S.C. § 78p(b). This definition includes so-called "directors by deputization" who have representatives on the company's board. Section 16(b) requires such statutory insiders to disgorge any "short-swing" profits they derive from matching trades executed within six months of each other to the issuer. *Id.* Section 16(b) does not apply when an investor is not a "statutory insider." Moreover, because Section 16(b) is a strict liability statute, courts enforce Section 16(b) only within "narrowly drawn limits." *Gollust v. Mendell*, 501 U.S. 115, 122 (1991) (citation omitted).

      The Complaint fails to plead that the Cohen Defendants engaged in any trading subject to Section 16(b). Specifically, Plaintiff fails to allege that the Cohen Defendants were statutory insiders as either: (1) "directors by deputization"; or (2) greater than 10% beneficial owners. Both of Plaintiff's theories are contrary to established law. The Complaint should be dismissed.

**I.**     **Background**

      Between January 13 and March 3, 2022, RCV acquired 9,450,100 common shares of Bed Bath & Beyond Inc. ("BBBY" or the "Company"), or 9.8% of BBBY's outstanding shares based on public reports. RCV did not purchase any BBBY shares after March 3, 2022.

      On March 24, 2022, three weeks after RCV's last purchase, BBBY and RCV entered into a Cooperation Agreement that provided for, among other things, the appointment of three new independent directors to BBBY's Board (the "New Directors"). The Cooperation Agreement expressly stated that RCV beneficially owned 9.8% of BBBY's outstanding shares as of March

24, 2022. The next day, BBBY attached the Cooperation Agreement to its Form 8-K SEC filing, along with a press release confirming RCV beneficially owned 9.8% of BBBY's shares.

On April 21, 2022, nearly fifty days after RCV's last purchase and over a month after the parties entered into the Cooperation Agreement and BBBY filed its Form 8-K, BBBY disclosed that the number of BBBY shares outstanding had decreased as of February 26, 2022 and again as of March 26, 2022 because of share repurchases. This subsequent disclosure meant that, notwithstanding BBBY's prior public statement that RCV's 9,450,100 shares constituted "approximately 9.8% of the Company's outstanding shares," RCV would have actually held 11.5% of BBBY shares following its last purchase on March 3, 2022, and 11.8% of BBBY shares as of March 26, 2022 based on BBBY's previously-undisclosed outstanding share count.

On August 16 and August 17, 2022, RCV sold its BBBY shares.

## II.  Plaintiff Cannot Allege a Section 16(b) Claim Against the Cohen Defendants as "Directors by Deputization"

Plaintiff fails to state a Section 16(b) claim against the Cohen Defendants as "directors by deputization" for two independent reasons.

*First*, transactions by directors, including directors by deputization, occurring *before* the director joins the issuer's board are not matchable under Section 16(b) with transactions that occur *after* the director joins the board under Rule 16a-2(a). 17 C.F.R. § 240.16a-2(a); *see also Gryl ex rel. Shire Pharms. Grp. PLC v. Shire Pharms. Grp. PLC*, 298 F.3d 136, 141 (2d Cir. 2002) ("Section 16(b) liability does not extend to individuals who were neither directors nor other insiders of the issuer when they acquired their issuer equity securities.").

Plaintiff alleges that the Cohen Defendants were directors by deputization as of March 24, 2022—the date the New Directors were appointed to the BBBY Board under the Cooperation Agreement. But RCV's final purchase occurred on March 3, 2022. RCV only sold shares after the New Directors were appointed to the BBBY Board. As a result, there are simply no matchable transactions based on Plaintiff's deputization theory because the Cohen Defendants cannot be held liable for transactions that occurred before the New Directors were appointed to the Board. *See Gryl v. Shire Pharms. Grp. PLC*, 2001 WL 1006628, at *2 (S.D.N.Y. Aug. 31, 2001).

*Second*, even if the plain language of Rule 16a-2(a) did not foreclose Plaintiff's deputization theory, it nevertheless fails because Plaintiff does not allege that the Cohen Defendants *were* directors by deputization. An investor can only be subject to liability as a director by deputization if, among other things, the investor received confidential information from its alleged director representative, and used that information to inform investment strategy. *See, e.g.*, Romeo & Dye, *Section 16 Treatise and Reporting Guide*, § 2.04[5] (collecting cases).

Plaintiff's allegations that the Cohen Defendants were directors by deputization amount to nothing more than conclusory speculation. Plaintiff alleges no facts creating a reasonable inference that the New Directors shared material, nonpublic information with the Cohen Defendants, let alone that the Cohen Defendants acted on any such information. Plaintiff's allegations instead make clear that: (1) the legacy BBBY directors rejected the New Directors' alleged recommendation to share more information with Mr. Cohen; (2) the only specific material

nonpublic information allegedly shared with the Cohen Defendants came from individuals *other than* the New Directors, namely, the Chair of the Board and BBBY executives; and (3) these other individuals rebuffed Mr. Cohen's purported requests for nonpublic information. Indeed, as the Complaint recognizes, one of the New Directors testified under oath that he did *not* share any such information with the Cohen Defendants. Thus, Plaintiff's deputization theory independently fails because Plaintiff has not adequately alleged the Cohen Defendants were directors by deputization.

### III. Plaintiff Cannot Allege a Section 16(b) Claim Against the Cohen Defendants as Greater Than 10% Beneficial Owners

Plaintiff also fails to allege that the Cohen Defendants were beneficial owners of more than 10% of BBBY's outstanding shares when they purchased BBBY securities because the Cohen Defendants' holdings were less than 10% of the share count most recently reported by BBBY. A shareholder is not liable under Section 16(b) as a beneficial owner unless it beneficially owns more than 10% of the issuer's stock at the time of *both* the purchase *and* the sale. 15 U.S.C. § 78p(b). Rule 13d-1 provides that a shareholder may rely upon information set forth in the issuer's most recent quarterly or annual report to determine its beneficial ownership, unless the shareholder knows or has reason to know that the information reported by the company is inaccurate. 17 C.F.R. § 240.13d-1(j); *see C.R.A. Realty Corp. v. Enron Corp.*, 842 F. Supp. 88, 91 (S.D.N.Y. 1994).

According to BBBY's public share count disclosure at the time of RCV's purchases, the Cohen Defendants beneficially owned only 9.8% of BBBY's outstanding shares. Indeed, Plaintiff acknowledges that BBBY did not disclose that its outstanding shares had decreased until April 2022—nearly *fifty* days after the final purchase of BBBY shares. Plaintiff's theory therefore hinges on showing that the Cohen Defendants knew or had reason to believe that RCV owned more than 10% of BBBY's outstanding shares at the time of these purchases, notwithstanding BBBY's representations otherwise. Plaintiff fails to plausibly allege such knowledge. Instead, Plaintiff's argument is based solely on BBBY's general announcement of a share repurchase program. But "an issuer's announcement of a stock repurchase program is not enough to charge a person with knowledge of the precise date on which the issuer later repurchases enough of its outstanding shares to push that person over the ten percent threshold." Romeo & Dye, *Section 16 Treatise and Reporting Guide*, § 2.03(3)(j)(iv) n.77.

Moreover, as reflected in the Complaint's exhibits, BBBY itself represented in its SEC filings and acknowledged to the Cohen Defendants that RCV beneficially owned only 9.8% of its shares. These representations were apparently made *after* the repurchase program was completed, but before BBBY publicly reported its updated share count. None of Plaintiff's allegations speak to how the Cohen Defendants were supposed to divine that their holdings were over 10% when BBBY had represented to the Cohen Defendants and the investing public that RCV held only 9.8% of the outstanding shares. Plaintiff's argument that the Cohen Defendants beneficially owned more than 10% of BBBY's outstanding shares based on the facts reflected in the Complaint and BBBY's SEC disclosures would place an impossible burden on investors—namely, to know the number of outstanding shares at any given time is *contrary* to the issuer's public reports and specific confirmation—in order to avoid Section 16(b)'s strict liability regime. That is not the law.

For all these reasons, the Complaint fails to state a claim under Section 16(b) and should be dismissed. The Cohen Defendants accordingly respectfully request a pre-motion conference.

3

                Respectfully submitted,

                */s/ Josuha M. Slocum*
                Josuha M. Slocum
                WOLLMUTH MAHER & DEUTSCH LLP
                500 Fifth Avenue
                New York, New York 10110
                (212) 382-3300

                *Counsel for Ryan Cohen and RC Ventures LLC*

cc:    Counsel of Record (via ECF)