# James A Hunter
### Attorney at Law

201 King of Prussia Road, Suite 650
Radnor, Pennsylvania  19087

TELEPHONE  (484) 275-2162
FACSIMILE  (646) 462-3356

October 9, 2024

**BY ECF**

The Honorable Naomi Reice Buchwald
The United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York  10007-1312

> Re:   *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*,
>          No. 24-cv-5874 (NRB) (S.D.N.Y. filed Aug. 1, 2024)
>          **Cohen Defendants' Letter Request for Pre-Motion Conference**

Dear Judge Buchwald:

I write on behalf of Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY"), and in response to the October 4 letter of Joshua M. Slocum on behalf of the Cohen Defendants.[1]  Dkt. 14.  BBBY does not oppose the Cohen Defendants' request for a pre-motion conference for leave to file a motion to dismiss the Complaint.  Should the Court allow the motion, BBBY expects to stand on its pleading and file an opposition.[2]

**I.     Overview**

This is an action for recovery of profit under Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78p(b).  Section 16 applies to the directors and officers of every issuer with a class of equity securities registered under Section 12 of the Act, as well as every beneficial owner of more than 10% of any such class.  15 U.S.C. § 78p(a).  These so-called "insiders" must return to the issuer any profit realized from any purchase and sale, or sale and purchase, of the issuer's equity securities within any period of less than six months.  *Id.* § 78p(b).  The Complaint alleges that the Cohen Defendants realized a recoverable profit of more

---

[1] Capitalized terms not defined in this letter have the meanings assigned them in the Complaint.  Dkt. 1.

[2] BBBY's expected response is based on the Cohen Defendants' pre-motion letter.  BBBY respectfully reserves the right to respond differently (such as by filing an amended pleading under Rule 15(a)(1)) after reviewing the motion.  In addition, parallel proceedings involving the Cohen Defendants or BBBY are ongoing in the U.S. District Court for the District of Columbia and in New York State Supreme Court.  BBBY respectfully reserves the right to amend its Complaint under Rule 15(a)(1) based on information disclosed in those proceedings.

The Honorable Naomi Reice Buchwald
October 9, 2024
Page 2

than $47 million from their short-swing purchases and sales of BBBY's equity securities in 2022. Compl. ¶¶ 151-157.

       The Cohen Defendants propose to challenge the Complaint on the ground that it fails to allege that they were BBBY insiders subject to Section 16(b). Slocum Letter at 1. That contention lacks merit because the Complaint plausibly alleges that the Cohen Defendants were subject to the statute as beneficial owners of more than 10% of BBBY's outstanding common stock. *See* Compl. ¶¶ 115-150.

## II.     The Cohen Defendants as BBBY's 10% Beneficial Owners

       The Cohen Defendants began purchasing BBBY's equity securities in January 2022. *Id.* ¶ 14. By March 1, they beneficially owned at least 8,670,554 shares while BBBY had no more than 81,979,000 shares outstanding. *Id.* ¶ 147. The Cohen Defendants continued to beneficially own more than 10% of BBBY's outstanding common stock until August 16, when their sale of 65,442 shares brought them back under the 10% line. *Id.* ¶ 148. They made several profitable purchases and sales of BBBY's equity securities in the period between March 1 and August 16. *See id.* ¶ 151. Since simple arithmetic shows that the Cohen Defendants' beneficial ownership exceeded 10% of BBBY's outstanding common stock during this period, the "narrow" statutory interpretation the Cohen Defendants ask for will do them no good. Slocum Letter at 1. Under Section 16(b)'s plain, unambiguous, and "'narrowly drawn'" terms, the Cohen Defendants made matchable purchases and sales of BBBY's equity securities within a period of less than six months and while beneficially owning more than 10% of its outstanding common stock. *Id.* (quoting *Gollust v. Mendell*, 501 U.S. 115, 122 (1991)). They are now liable to repay the profit realized.

       What the Cohen Defendants really want is not a narrow interpretation of the statute but a broad interpretation of a statutory exemption. Relying on Rule 13d-1(j), the Cohen Defendants contend that they were privileged to calculate their beneficial ownership in early March 2022 using the larger but outdated number of shares that BBBY had outstanding on November 27, 2021. *See* Slocum Letter at 3; Compl. ¶ 117. Under Rule 13d-1(j), a person may rely on an issuer's most recent periodic report for the number of securities of a class outstanding, "unless such person knows or has reason to believe that the information contained therein is inaccurate." 17 C.F.R. § 240.13d-1(j).

       The Cohen Defendants cannot rely on Rule 13d-1(j) because they had abundant "reason to believe" that the November 27 share count was "inaccurate." Compl. ¶ 118. At the time of the Cohen Defendants' March 2022 purchases, BBBY was completing an aggressive and well-publicized "Accelerated Share Repurchase" program. *See id.* ¶ 119. BBBY's disclosures about the program were specific, detailed, and frequent, and the Cohen Defendants had actual knowledge of them. *See id.* ¶¶ 120-129, 138. Investors were told how much money BBBY would spend and when it would be spent. *See id.* ¶¶ 127-128. BBBY even updated investors in January 2022 to confirm that the repurchases were being made on schedule. *Id.* ¶ 129.

The Honorable Naomi Reice Buchwald
October 9, 2024
Page 3

      These disclosures went well beyond a "general announcement of a share repurchase program." Slocum Letter at 3. They gave the Cohen Defendants all the information they needed to calculate the minimum number of shares BBBY would repurchase at prevailing market prices. *See* Compl. ¶¶ 130-135. Such calculations "virtually assured" the Cohen Defendants of beneficially owning more than 10% of BBBY's outstanding shares before they completed their final purchases in early March 2022. *Id.* ¶ 137. These well-pleaded allegations destroy any reliance on Rule 13d-1(j), undercutting the sole basis for the Cohen Defendants' admittedly incorrect beneficial ownership calculation. Calculated using the correct share count, the Cohen Defendants' beneficial ownership exceeded 10% of BBBY's shares outstanding at all times between March 1 and August 16, 2022. *See id.* ¶¶ 147-148. The Cohen Defendants are liable for their purchases and sales during that period as a matter of law.[3]

### III.     Conclusion

      BBBY does not oppose the Cohen Defendants' request for a pre-motion conference preliminary to filing a motion to dismiss. If the motion is allowed, BBBY expects to respond by filing an opposition asking the Court to deny the motion. BBBY respectfully requests at least four weeks to brief its opposition.

                                Respectfully submitted,

                                /s/ James A. Hunter

Copies by ECF: All Counsel of Record

---

[3] In the alternative, the Complaint alleges that the Cohen Defendants realized their profit while subject to Section 16(b) as statutory directors of BBBY, having deputized three directors to represent them on BBBY's board. *See* Compl. ¶¶ 34-114. While the deputization allegations alone would suffice to support a Section 16(b) claim, the Court does not need to reach those allegations in light of the strength of the Complaint's allegations that the Cohen Defendants beneficially owned more than 10% of BBBY's common stock. *See* Fed. R. Civ. P. 8(d)(2); *see also, e.g., New Yuen Fat Garments Factory Ltd. v. August Silk, Inc.*, No. 07 Civ. 8304 (JFK), 2009 U.S. Dist. LEXIS 45857, at *12 (S.D.N.Y. June 1, 2009) ("A complaint which contains alternative statements of the claim, some of which are insufficient, will not be dismissed if any one alternative statement supports the claim." (internal quotation marks and citation omitted)).