# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

November 15, 2024

**VIA ECF**
Honorable Naomi Reice Buchwald
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*, Case No. 1:24-cv-05874-NRB

Dear Judge Buchwald:

Ryan Cohen and RC Ventures LLC ("RCV" and, together, the "Cohen Defendants") submit this letter pursuant to Your Honor's Individual Rule 2.B to respectfully request a pre-motion conference for leave to move to dismiss the First Amended Complaint ("FAC"). The Cohen Defendants previously requested (the "First Letter," ECF No. 14), and were granted, leave to move to dismiss the original complaint. (ECF No. 16.) The Court also granted Plaintiff leave to file an amended complaint to "cure" any of the deficiencies identified in the First Letter. As explained below, the FAC does not cure these defects.

Plaintiff still purports to assert claims under Section 16(b) of the Securities and Exchange Act of 1934, which applies only to enumerated categories of "statutory insiders"—officers, directors (including so-called "directors by deputization"), and greater than 10% beneficial owners of a company's stock. *See* 15 U.S.C. § 78p(b). Section 16(b) requires such statutory insiders to disgorge "short-swing" profits from matching trades within six months of each other. *Id.*

Fundamentally, Plaintiff's claim fails because it does not allege any such "matching" transactions. Because all of the Cohen Defendants' purchases occurred *before* the Cohen Defendants could have been subject to Section 16(b) as *either* "directors by deputization" or greater-than-10% beneficial owners, there can be no Section 16(b) liability. Specifically, the Cohen Defendants were not subject to Section 16(b) as "directors by deputization" because Plaintiff fails to allege any purchases while the Cohen Defendants were allegedly directors by deputization. The Cohen Defendants likewise were not subject to Section 16(b) as greater than 10% beneficial owners because they were entitled to rely upon Bed Bath & Beyond Inc.'s ("BBBY" or the "Company") publicly reported share count. The additional allegations in the FAC have nothing to do with these defects, and the FAC still fails to state a Section 16(b) claim.

## I.    Background

As noted previously, between January 13 and March 3, 2022, RCV acquired 9,450,100 BBBY common shares, or 9.8% of BBBY's outstanding shares based on the Company's public reports. RCV did not purchase any BBBY shares after March 3, 2022.

On March 24, 2022, BBBY and RCV entered into a Cooperation Agreement that provided for the appointment of three new independent directors to BBBY's Board (the "New Directors"). The Cooperation Agreement expressly stated that RCV beneficially owned 9.8% of BBBY's outstanding shares as of March 24, 2022. The next day, BBBY attached the Cooperation Agreement to its Form 8-K SEC filing, along with a press release confirming that RCV beneficially owned 9.8% of BBBY's shares.

On April 21, 2022, nearly fifty days after RCV's last purchase and over a month after the parties entered into the Cooperation Agreement and BBBY filed its Form 8-K, BBBY disclosed that the number of BBBY shares outstanding had decreased because of share repurchases. Notwithstanding BBBY's prior public statement that RCV's 9,450,100 shares constituted "approximately 9.8% of the Company's outstanding shares," this subsequent disclosure indicated that RCV actually held 11.5% of BBBY shares at some point following its last purchase on March 3, 2022 based on BBBY's previously-undisclosed outstanding share count.

On August 16 and August 17, 2022, RCV sold its BBBY shares.

## II.    Plaintiff Cannot Allege a Section 16(b) Claim Against the Cohen Defendants as "Directors by Deputization"

The FAC still fails to state a Section 16(b) claim against the Cohen Defendants as "directors by deputization" for two independent reasons.

*First*, transactions by directors, including directors by deputization, occurring *before* the director joins the issuer's board are not matchable under Section 16(b) with transactions that occur *after* the director joins the board under Rule 16a-2(a). 17 C.F.R. § 240.16a-2(a); *see also Gryl ex rel. Shire Pharms. Grp. PLC v. Shire Pharms. Grp. PLC*, 298 F.3d 136, 141 (2d Cir. 2002) ("Section 16(b) liability does not extend to individuals who were neither directors nor other insiders of the issuer when they acquired their issuer equity securities."). None of the FAC's new allegations address this fatal defect. Instead, Plaintiff continues to allege that the Cohen Defendants were directors by deputization as of *March 24*, 2022 when the New Directors were appointed to the BBBY Board. But RCV's final purchase occurred three weeks prior—on March 3, 2022—and RCV only sold shares thereafter. As a result, there are still no matchable transactions based on Plaintiff's deputization theory.

*Second*, and even if the plain language of Rule 16a-2(a) did not foreclose Plaintiff's deputization theory, it nevertheless fails because Plaintiff does not allege that the Cohen Defendants *were* directors by deputization. An investor can only be subject to liability as a director by deputization if, among other things, the investor received confidential information from its alleged director representative and used that information to inform investment strategy. *See, e.g.*, Romeo & Dye, *Section 16 Treatise and Reporting Guide*, § 2.04[5] (collecting cases). Plaintiff's allegations that the Cohen Defendants were directors by deputization amount to nothing more than conclusory speculation. Plaintiff alleges no facts creating a reasonable inference that the New Directors shared material, nonpublic information with the Cohen Defendants, let alone that the Cohen Defendants acted on any such information. Instead, Plaintiff's allegations make clear that the legacy BBBY directors rejected the New Directors' alleged recommendation to share more information with Mr. Cohen, and the only material nonpublic information allegedly shared with

the Cohen Defendants came from individuals *other than* the New Directors. The FAC's new allegations offer no more than speculation *on* speculation—i.e., that *others* speculated that the New Directors may be sharing material nonpublic information with the Cohen Defendants. Notably absent from the FAC are any non-speculative allegations that the New Directors shared any such information. Plaintiff's deputization theory therefore independently fails because Plaintiff has not adequately alleged that the Cohen Defendants were directors by deputization.[1]

## III.    Plaintiff Cannot Allege a Section 16(b) Claim Against the Cohen Defendants as Greater Than 10% Beneficial Owners

Plaintiff also still fails to allege that the Cohen Defendants were beneficial owners of more than 10% of BBBY's outstanding shares when they purchased BBBY securities because the Cohen Defendants' holdings were less than 10% of the share count most recently reported by BBBY. A shareholder is not liable under Section 16(b) as a beneficial owner unless it beneficially owns more than 10% of the issuer's stock at the time of *both* the purchase *and* the sale. 15 U.S.C. § 78p(b). Rule 13d-1 provides that a shareholder may rely upon information set forth in the issuer's most recent quarterly or annual report to determine its beneficial ownership, unless the shareholder knows or has reason to know that the information reported by the company is inaccurate. 17 C.F.R. § 240.13d-1(j); *see C.R.A. Realty Corp. v. Enron Corp.*, 842 F. Supp. 88, 91 (S.D.N.Y. 1994).

According to BBBY's public share count disclosure at the time of RCV's purchases, the Cohen Defendants beneficially owned only 9.8% of BBBY's outstanding shares. BBBY did not disclose that its outstanding shares had decreased until April 2022—well after RCV's final purchase. Plaintiff likewise fails to plead that the Cohen Defendants knew or had reason to believe that RCV owned more than 10% of BBBY's outstanding shares at the time of the purchases. Plaintiff's argument is based solely on BBBY's general announcement of a share repurchase program. But "an issuer's announcement of a stock repurchase program is not enough to charge a person with knowledge of the precise date on which the issuer later repurchases enough of its outstanding shares to push that person over the ten percent threshold." Romeo & Dye, *Section 16 Treatise and Reporting Guide*, § 2.03(3)(j)(iv) n.77.

Moreover, BBBY represented in its SEC filings and acknowledged to the Cohen Defendants that RCV beneficially owned only 9.8% of its shares, even *after* the repurchase program was apparently completed. The only "new" allegation in the FAC is nothing more than an apparent concession that the Cohen Defendants did not have actual knowledge that the repurchase program was completed until April 2022. This is wholly insufficient to plausibly allege that the Cohen Defendants had reason to believe their holdings were over 10% at the time of the purchases, especially considering that BBBY had represented that RCV held only 9.8% of the outstanding shares on multiple occasions after the purchases.

For all these reasons, the Cohen Defendants respectfully request a pre-motion conference.

---

[1] Plaintiff failed to address the clear pleading deficiencies regarding deputization in its response to the First Letter, arguing that the Court need not consider those allegations in assessing a motion to dismiss. (ECF No. 15 at n.3.) Plaintiff continues to artificially—and exponentially—raise its short-swing profit calculation based on a theory it does not even attempt to support.

Respectfully submitted,

*/s/ Josuha M. Slocum*

Josuha M. Slocum
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Counsel for Ryan Cohen and RC Ventures LLC*

cc:    Counsel of Record (via ECF)