# JAMES A HUNTER
## ATTORNEY AT LAW

201 KING OF PRUSSIA ROAD, SUITE 650
RADNOR, PENNSYLVANIA 19087

TELEPHONE (484) 275-2162
FACSIMILE (646) 462-3356

November 20, 2024

**BY ECF**

The Honorable Naomi Reice Buchwald
The United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007-1312

        Re:    *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*,
               No. 24-cv-5874 (NRB) (S.D.NY. filed Aug. 1, 2024)
               **Cohen Defendants' Letter Request for Pre-Motion Conference**

Dear Judge Buchwald:

      I write on behalf of Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY"), and in response to the November 15 letter of Joshua M. Slocum on behalf of the Cohen Defendants.[1]  Dkt. 18.  BBBY does not oppose the Cohen Defendants' request for leave to file a motion to dismiss but will ask the Court to deny the motion.

**I.**        **Overview**

      This is an action for recovery of profit under Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78p(b).  Section 16 applies to the directors and officers of every issuer with a class of equity securities registered under Section 12 of the Act, as well as every beneficial owner of more than 10% of any such class.  15 U.S.C. § 78p(a).  These so-called "insiders" must return to the issuer any profit realized from any purchase and sale, or sale and purchase, of the issuer's equity securities within any period of less than six months.  *Id.* § 78p(b).  The FAC alleges that the Cohen Defendants realized a recoverable profit of more than $47 million from their short-swing purchases and sales of BBBY's equity securities in 2022.  FAC ¶¶ 163-169.

      The Cohen Defendants propose to move for dismissal on the ground that the FAC fails to sufficiently allege that they were BBBY insiders subject to Section 16(b).  Slocum Letter at 1.  The Court should deny that motion because the FAC plausibly alleges that the Cohen

---

[1] Capitalized terms not defined in this letter have the meanings assigned them in BBBY's First Amended Complaint ("FAC").  Dkt. 17.

The Honorable Naomi Reice Buchwald
November 20, 2024
Page 2

Defendants were subject to the statute as beneficial owners of more than 10% of BBBY's outstanding common stock. *See* FAC ¶¶ 126-162.

### II.     The Cohen Defendants as BBBY's 10% Beneficial Owners

The Cohen Defendants began purchasing BBBY's equity securities in January 2022. *Id.* ¶ 14. By March 1, they beneficially owned at least 8,670,554 shares while BBBY had no more than 81,979,000 shares outstanding. *Id.* ¶ 159. The Cohen Defendants continued to beneficially own more than 10% of BBBY's outstanding common stock until August 16, when their sale of 65,442 shares brought them back under the 10% line. *Id.* ¶ 160. They made several profitable purchases and sales of BBBY's equity securities in the period between March 1 and August 16, all while beneficially owning more than 10% of BBBY's common stock. *See id.* ¶ 163. Under Section 16(b)'s plain, unambiguous, and "'narrowly drawn'" terms, the profit realized on those trades inured to BBBY, and the Cohen Defendants are now liable to repay it. *Gollust v. Mendell*, 501 U.S. 115, 122 (1991) (quoting *Foremost-McKesson, Inc. v. Provident Securities Co.*, 423 U.S. 232, 251 (1976)).

Surrounded by the four corners of the statute, the Cohen Defendants must appeal for a statutory exemption. They invoke Rule 13d-1(j), contending that they were entitled to calculate their percentage beneficial ownership in early March 2022 based not on the number of shares actually outstanding but on the larger but stale share count from November 27, 2021. *See* Slocum Letter at 3; FAC ¶¶ 128-129. Under Rule 13d-1(j), a person may rely on an issuer's most recent periodic report for the number of securities of a class outstanding, "unless such person knows or has reason to believe that the information contained therein is inaccurate." 17 C.F.R. § 240.13d-1(j).

The Cohen Defendants cannot rely on Rule 13d-1(j) because they had abundant reason to believe that the November 27 share count was inaccurate. FAC ¶ 129. At the time of the Cohen Defendants' March 2022 purchases, BBBY was completing an aggressive and well-publicized "Accelerated Share Repurchase" program. *See id.* ¶ 130. BBBY's disclosures about the program were specific, detailed, and frequent, and the Cohen Defendants had actual knowledge of them. *See id.* ¶¶ 131-140, 149. Investors were told how much money BBBY would spend and when it would be spent. *See id.* ¶¶ 138-139. BBBY even updated investors in January 2022 to confirm that the repurchases were on schedule. *Id.* ¶ 140.

These disclosures went well beyond a "general announcement of a share repurchase program." Slocum Letter at 3. They gave the Cohen Defendants all the information needed to calculate the minimum number of shares BBBY would repurchase at prevailing market prices. *See* FAC ¶¶ 141-146. Such calculations "virtually assured" the Cohen Defendants of beneficially owning more than 10% of BBBY's outstanding shares before they completed their final purchases in early March 2022. *Id.* ¶ 148. These well-pleaded allegations destroy any reliance on Rule 13d-1(j), undercutting the sole basis for the Cohen Defendants' admittedly incorrect beneficial ownership calculation. Calculated using the correct share count,

The Honorable Naomi Reice Buchwald
November 20, 2024
Page 3

the Cohen Defendants' beneficial ownership exceeded 10% of BBBY's shares outstanding at all times between March 1 and August 16, 2022.  *See id.* ¶¶ 159-160.  The Cohen Defendants are liable to repay any profit realized on their purchases and sales during that period as a matter of law.[2]

### III.     Conclusion

BBBY does not oppose the Cohen Defendants' request for a pre-motion conference preliminary to filing a motion to dismiss but will ask the Court to deny the motion.  If the motion is allowed, BBBY respectfully requests at least four weeks to brief its opposition or, if the holidays intervene, five weeks.

Respectfully submitted,

/s/ James A. Hunter

Copies by ECF: All Counsel of Record

---

[2] In the alternative, the FAC alleges that the Cohen Defendants realized a recoverable profit while subject to Section 16(b) as BBBY's statutory directors, having deputized three directors to represent them on its board.  *See* FAC ¶¶ 34-125.  Because the FAC sufficiently alleges that the Cohen Defendants realized a recoverable profit as BBBY's 10% beneficial owners, the Court does not need to address whether they were also subject to the statute as BBBY's statutory directors.  *See* Fed. R. Civ. P. 8(d)(2); *see also, e.g.*, *New Yuen Fat Garments Factory Ltd. v. August Silk, Inc.*, No. 07 Civ. 8304 (JFK), 2009 U.S. Dist. LEXIS 45857, at *12 (S.D.N.Y. June 1, 2009) ("A complaint which contains alternative statements of the claim, some of which are insufficient, will not be dismissed if any one alternative statement supports the claim." (internal quotation marks and citation omitted)).  While the Cohen Defendants baselessly assert that the deputization allegations "artificially" increase the recoverable profit, Slocum Letter at 3 n.1, they do not appear to dispute that the FAC sufficiently alleges profitable purchases and sales.