# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

---

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

December 9, 2024

**VIA ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *20230930-Dk-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. v. Cohen et al.*, Case No. 1:24-cv-05874-NRB

Dear Judge Buchwald:

      Defendants Ryan Cohen and RC Ventures LLC ("RCV" and together, the "Cohen Defendants") respectfully submit this letter pursuant to Rule 2.E.1 of Your Honor's Individual Practices to outline the substantive arguments advanced in their motion to dismiss the First Amended Complaint ("FAC," ECF 17) of 20230930-Dk-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("Plaintiff"). The Cohen Defendants respectfully request oral argument on this motion.

      Plaintiff's case should be dismissed under Rule 12(b)(6) because it fails to state a Section 16(b) claim. Plaintiff premises its claim on two theories: (1) the Cohen Defendants were "directors by deputization," and (2) the Cohen Defendants should have known they were beneficial owners of more than 10% of Bed Bath & Beyond Inc. ("BBBY") stock. Plaintiff's liability theories fail to state a Section 16(b) claim against the Cohen Defendants.

### I.   Plaintiff Cannot Allege a Section 16(b) Claim Against the Cohen Defendants as "Directors by Deputization"

      Plaintiff fails to state a Section 16(b) claim against the Cohen Defendants as "directors by deputization" for two independent reasons.

      *First*, transactions by directors, including directors by deputization, occurring *before* the director joins the issuer's board are not matchable under Section 16(b) with transactions that occur *after* the director joins the board under Rule 16a-2(a). 17 C.F.R. § 240.16a-2(a); *see also Gryl ex rel. Shire Pharms. Grp. PLC v. Shire Pharms. Grp. PLC*, 298 F.3d 136, 141 (2d Cir. 2002) ("Section 16(b) liability does not extend to individuals who were neither directors nor other insiders of the issuer when they acquired their issuer equity securities.").

Plaintiff alleges that the Cohen Defendants were directors by deputization as of March 24, 2022—the date on which three independent directors (the "New Directors") were appointed to the BBBY Board of Directors pursuant to the Cooperation Agreement between BBBY and RCV. FAC ¶ 125. But RCV's final purchase of BBBY shares occurred on March 3, 2022. *Id.* ¶ 163 & Table 1. RCV only *sold* BBBY shares after the New Directors were appointed to the BBBY Board. *Id.* As a result, there are simply no matchable transactions based on Plaintiff's deputization theory because the Cohen Defendants cannot be held liable for transactions that occurred before the New Directors were appointed to the Board under Rule 16a-2(a). *See Gryl v. Shire Pharms. Grp. PLC*, 2001 WL 1006628, at *2 (S.D.N.Y. Aug. 31, 2001).

*Second*, even if Rule 16a-2(a) did not foreclose Plaintiff's deputization theory, it still fails because Plaintiff does not allege that the Cohen Defendants *were* directors by deputization. The leading treatise on Section 16(b) has explained that a party will be deemed a director by deputization only if, among other things, the party received confidential information from its alleged director representative and used that information to inform its investment strategy. Romeo & Dye, *Section 16 Treatise and Reporting Guide*, § 2.04[5] (collecting cases).

Plaintiff's allegations that the Cohen Defendants were directors by deputization amount to no more than conclusory speculation. Plaintiff alleges no facts creating a reasonable inference that the New Directors shared material, nonpublic information with the Cohen Defendants, let alone that the Cohen Defendants acted on any such information. While Plaintiff claims in conclusory fashion that the New Directors provided "some" confidential information to the Cohen Defendants, Plaintiff's only support for this claim is that Mr. Cohen had phone calls with one New Director and a Zoom meeting with another in April and May 2022, neither of which supports a reasonable inference that the New Directors shared material, nonpublic information with the Cohen Defendants. FAC ¶¶ 58-61. Plaintiff's allegations instead make clear that: (1) other BBBY directors rejected the New Directors' alleged recommendation to share more information with Mr. Cohen (*id.* ¶¶ 44-50); (2) the only specific material nonpublic information allegedly shared with the Cohen Defendants came from individuals *other than* the New Directors (*id.* ¶¶ 66-73; 88-90); and (3) these other individuals rebuffed Mr. Cohen's purported requests for nonpublic information (*id.* ¶¶ 74-86, 91-99).

Beyond this, Plaintiff merely speculates that the Cohen Defendants received material nonpublic information from the New Directors based on (1) the Board's possession of certain alleged nonpublic information that became public after the Cohen Defendants' sales (although even Plaintiff acknowledges the Board was unaware of some of the alleged nonpublic information) and (2) the commentary of Jim Cramer on his CNBC show and other BBBY employees' cryptic reactions to those comments. *Id.* ¶¶ 106-122. These speculative allegations do not plausibly suggest that the Cohen Defendants acted on material, nonpublic information provided by the New Directors, especially in light of Mr. Rosenzweig's sworn testimony that they did not provide such information and Plaintiff's inability to allege a single instance in which the New Directors actually did so.

For these reasons, Plaintiff's deputization theory independently fails because Plaintiff has not adequately alleged the necessary elements to deem the Cohen Defendants directors by deputization.

## II. Plaintiff Cannot Allege a Section 16(b) Claim Against the Cohen Defendants as Greater Than 10% Beneficial Owners

Plaintiff also fails to state a Section 16(b) claim against the Cohen Defendants as beneficial owners of more than 10% of BBBY's outstanding shares. A shareholder is not liable under Section 16(b) as a beneficial owner unless it beneficially owns more than 10% of the issuer's stock at the time of *both* the purchase *and* the sale. 15 U.S.C. § 78p(b). Rule 13d-1 provides that a shareholder may rely on information set forth in the issuer's most recent quarterly or annual report to determine its beneficial ownership, unless the shareholder knows or has reason to know that the information reported by the company is inaccurate. 17 C.F.R. § 240.13d-1(j); *see C.R.A. Realty Corp. v. Enron Corp.*, 842 F. Supp. 88, 91 (S.D.N.Y. 1994). In other words, even if a shareholder beneficially owns more than 10% of an issuer's shares, the shareholder is not a beneficial owner subject to Section 16(b) liability, so long as it: (1) beneficially owns 10% or less of the number of outstanding shares disclosed in the issuer's most recent SEC filing; and (2) could not have known (based on public filings) that it beneficially owns more than 10% of the issuer's outstanding shares.

Here, it is undisputed that the Cohen Defendants beneficially owned only 9.8% of BBBY's outstanding shares according to BBBY's most recent share count disclosure on November 27, 2021 when RCV purchased shares between February 22 and March 3, 2022. FAC ¶¶ 127-128. Indeed, as Plaintiff acknowledges, BBBY did not disclose that its outstanding shares had decreased until April 2022—nearly *fifty* days after the RCV's last share purchase. Compl. ¶ 152. Plaintiff's theory therefore hinges on showing that the Cohen Defendants knew or had reason to believe that RCV beneficially owned more than 10% of BBBY's outstanding shares at the time of these final purchases, notwithstanding BBBY's public representations otherwise.

Plaintiff fails to do so. Plaintiff's argument is based solely on BBBY's general announcement of a share repurchase program. FAC ¶¶ 129-150. But "an issuer's announcement of a stock repurchase program is not enough to charge a person with knowledge of the precise date on which the issuer later repurchases enough of its outstanding shares to push that person over the ten percent threshold." Romeo & Dye, *Section 16 Treatise and Reporting Guide*, § 2.03(3)(j)(iv) n.77. This case exemplifies the sound rationale for this rule: BBBY's publicly filings expressly warned that its announced share repurchase program might not take place on the anticipated timeline or at all, and BBBY did not actually complete the repurchase program on time. Moreover, BBBY itself represented in its SEC filings and acknowledged to the Cohen Defendants that RCV beneficially owned only 9.8% of its shares three weeks *after* RCV's final purchases.

None of Plaintiff's allegations speak to how the Cohen Defendants were supposed to divine that their holdings were over 10% when BBBY had represented to the Cohen Defendants and the investing public that RCV held only 9.8% of the outstanding shares. Plaintiff's argument would place an impossible burden on investors—to know that the number of outstanding shares at any given time is *contrary* to the issuer's public reports and specific confirmation—in order to avoid Section 16(b)'s strict liability regime. That is not the law. *C.R.A. Realty Corp. v. Enron Corp.*, 842 F. Supp. 88, 91 (S.D.N.Y. 1994) ("Although the newly available information indeed reveals that [defendant] held ten percent of Enron's convertible preferred stock on December 31, 1991, [defendant's] ownership on that date does not subject it to disgorgement of short-swing profits because [defendant] had no way of knowing of its ten percent status at that time.").

**III.    The Cohen Defendants Are Exculpated from Section 16(b) Liability**

In all events, the Cohen Defendants are exculpated from Section 16(b) liability under Section 23 of the Exchange Act. Section 23(a) provides that "[n]o provision of this chapter [i.e., the Exchange Act] imposing any liability shall apply to any act done or omitted in good faith in conformity with a rule, regulation, or order of the [SEC] . . . notwithstanding that such rule, regulation, or order may thereafter be amended or rescinded or determined by judicial or other authority to be invalid for any reason." 15 U.S.C. § 78w(a)(1). The Cohen Defendants therefore cannot be held liable under Section 16(a) for complying with the SEC rules set forth above in determining that they were not "directors by deputization" or beneficial owners of more than 10% of BBBY's outstanding shares, even if these rules were subsequently repealed or invalidated. *See, e.g., C.R.A.*, 842 F. Supp. at 92.

For the reasons stated above and in the Cohen Defendants' accompanying memorandum of law, the Cohen Defendants respectfully request that the Court dismiss the FAC with prejudice pursuant to Rule 12(b)(6).

                                                  Respectfully submitted,

                                                  */s/ Joshua M. Slocum*
                                                  Joshua M. Slocum
                                                  WOLLMUTH MAHER & DEUTSCH LLP
                                                  500 Fifth Avenue
                                                  New York, New York 10110
                                                  (212) 382-3300

                                                  *Counsel for Ryan Cohen and RC Ventures LLC*