# JAMES A HUNTER
## ATTORNEY AT LAW

201 KING OF PRUSSIA ROAD, SUITE 650
RADNOR, PENNSYLVANIA 19087

TELEPHONE (484) 275-2162
FACSIMILE (646) 462-3356

January 13, 2025

**BY ECF**

The Honorable Naomi Reice Buchwald
The United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007-1312

      Re: *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*,
           No. 24-cv-5874 (NRB) (S.D.NY. filed Aug. 1, 2024)
           Plaintiff's Response to the Cohen Defendants' Motion to Dismiss

Dear Judge Buchwald:

      Pursuant to Section 2(C)(1) of Your Honor's Individual Practices, I write on behalf of Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY"),[1] to outline the substantive argument advanced in BBBY's response filed earlier today [Dkt. 28] to the Cohen Defendants' motion to dismiss the FAC.

      The FAC alleges that the Cohen Defendants realized a profit recoverable under Section 16(b) of the Act both as BBBY's statutory directors and as beneficial owners of more than 10% of BBBY's outstanding common stock. Because the FAC alleges two independent grounds for liability, the motion cannot succeed unless it overcomes both of them. The motion fails to overcome either and should be denied.

**I.**        **The FAC Sufficiently Pleads That the Cohen Defendants Realized a Recoverable Profit as BBBY's 10% Beneficial Owners**

      The FAC alleges that the Cohen Defendants beneficially owned more than 10% of BBBY's outstanding common stock from March 1 to August 16, 2022, during which period of less than six months they profitably purchased and sold its equity securities. This allegation rests on simple arithmetic, and the Cohen Defendants concede the numbers. *See, e.g.*, Mem. at 8 ("RCV had beneficially owned 11.5% of BBBY's shares following its last purchase of BBBY shares on March 3, 2022 . . . ."). The Cohen Defendants argue that, despite overshooting the 10% line in early March 2022, they should not be held liable as long as they thought they remained under the line based on the larger number of shares BBBY had outstanding in November 2021. They invoke Rule 13d-1(j), which allows an investor to rely on an issuer's

---

[1] Capitalized terms not defined in this letter are used as defined in BBBY's First Amended Complaint [Dkt. 17] ("FAC").

The Honorable Naomi Reice Buchwald
January 13, 2025
Page 2

periodic reporting to determine the amount of shares outstanding unless the investor "has reason to believe that the information contained therein is inaccurate." 17 C.F.R. § 240.13d-1(j).

This argument lacks merit because Rule 13d-1(j) affords an affirmative defense that must be pled and proved. *See SEC v. Fiore*, 416 F. Supp. 3d 306, 330 (S.D.N.Y. 2019) ("Although *Fiore may be able to establish a defense* if he reasonably relied on Plandai's inaccurate filings, Fiore's reasonable reliance is a mixed question of fact and law that cannot be resolved solely from the facts alleged in the Complaint." (emphasis added)). An affirmative defense can sustain a motion to dismiss only if the facts supporting the defense appear on the face of the complaint. *See Kirschner v. Robeco Cap. Growth Funds*, 87 F.4th 130, 142 (2d Cir. 2023). The FAC never pleads that the Cohen Defendants relied on, much less reasonably relied on, BBBY's reporting at the time of their purchases on March 1, 2, and 3, 2022.

To the contrary, the FAC plausibly alleges that the Cohen Defendants had "reason to believe" by early March 2022 that the November 2021 share count was no longer "[]accurate." In the interval between the November 27 share count and the Cohen Defendants' last purchase in early March, BBBY completed an aggressive and well publicized stock repurchase program that significantly reduced its outstanding shares. FAC ¶ 130. BBBY disclosed the size and timing of the repurchases, giving the Cohen Defendants all the information they needed to estimate the maximum number of shares BBBY would have outstanding by early March. *See id.* ¶¶ 138-146. The Eastern District has already held materially the same disclosure sufficient to close off the Rule 13d-1(j) safe harbor. *See In re Luxottica Group S.p.A. Sec. Litig.*, 293 F. Supp. 2d 224, 235 (E.D.N.Y. 2003).

Because the FAC adequately alleges that the Cohen Defendants made profitable purchases and sales of BBBY's equity securities while beneficially owning more than 10% of its outstanding common stock between March 1 and August 16, 2022, all the elements of liability are properly pled. *See Olagues v. Perceptive Advisors LLC*, 902 F.3d 121, 125 (2d Cir. 2018). The adequacy of the FAC's allegations as to the Cohen Defendants' 10% beneficial ownership makes it unnecessary for the Court to decide whether the Cohen Defendants are also adequately alleged to have realized a profit as BBBY's statutory directors. If the Court does reach the directorship allegations, they provide an alternative ground for denying the motion.

**II.         The FAC Sufficiently Pleads That the Cohen Defendants Realized a Recoverable Profit as BBBY's Statutory Directors**

The FAC alleges that the Cohen Appointees were recommended for appointment to BBBY's board as representatives of the Cohen Defendants, who used material nonpublic information from the appointees to inform investment decisions about BBBY. That is the most the FAC must plead to properly allege that the Cohen Defendants functioned as "directors by deputization" through the Cohen Appointees. *See, e.g.*, *Calenture, LLC v. Pulte*, No. 21-cv-402 (PKC), 2022 U.S. Dist. LEXIS 57538, at *10-*11 (S.D.N.Y. Mar. 29, 2022); Peter J. Romeo & Alan L. Dye, Section 16 Treatise and Reporting Guide 234-35 (6th ed. 2024).

The Honorable Naomi Reice Buchwald
January 13, 2025
Page 3

The motion fails to show any deficiency in these allegations. While the Cohen Defendants claim that they are not adequately alleged to have appointed anyone to represent their interests, one of the Cohen Appointees candidly admitted to functioning as a Cohen "proxy" and "represent[ative]." FAC ¶¶ 41-42. This admission is the "smoking gun" of deputization, *Romeo & Dye*, *supra*, at 236, and is not even the only relevant fact pled. A court has already rejected the Cohen Defendants' alternative argument that they did not plausibly trade on material nonpublic information. *See In re Bed Bath & Beyond Corp. Sec. Litig.*, 687 F. Supp. 3d 1, 15 (D.D.C. 2023) ("Cohen plausibly traded on material, adverse, and nonpublic information."). The Cohen Appointees were the most plausible source of that information, not least because the rest of BBBY's management disliked and mistrusted Cohen. *See* FAC ¶¶ 118-119, 122.

The Cohen Defendants contend that, even if they are adequately alleged to have acted as directors by deputization, they cannot be liable under Section 16(b) because all of their purchases were made before the Cohen Appointees joined the board. That argument lacks merit because it relies entirely on Rule 16a-2(a), which overruled the Second Circuit's contrary construction of the statute in *Adler v. Klawans*, 267 F.2d 840 (2d Cir. 1959). *Adler* squarely held that "Section 16(b) is applicable to a short swing transaction even though the person involved was a director only at the time of the sale and not at the time of the purchase." *Id.* at 847. Even if the SEC's later interpretation of the statute in Rule 16a-2(a) could once have received *Chevron* deference, no deference can be given after the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). After *Loper*, the Second Circuit's construction of the statute in *Adler* is binding, and the SEC has no authority to overrule it.

### III.        No Affirmative Defense Sustains the Motion Under Section 23(a) of the Act

If all else fails (as it does), the Cohen Defendants argue that they cannot be held liable under Section 16(b) because they acted "in good faith in conformity with" SEC rules. 15 U.S.C. § 78w(a)(1). This argument presents an affirmative defense that must be pled and proved. It finds no support in the facts pled. The FAC alleges that the Cohen Defendants did not conform their conduct to Rule 13d-1(j) and did not rely on Rule 16a-2(a) at all. Even assuming that the Cohen Defendants can ultimately plead and prove an affirmative defense under Section 23(a), it will not sustain a motion to dismiss under the facts pled in the FAC.

*        *        *

BBBY accordingly asks the Court to deny the motion. Although BBBY does not request oral argument, it would be pleased to appear if the Court would find argument useful.

Respectfully submitted,

/s/ James A. Hunter

Copies by ECF: All Counsel of Record