**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| 20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC., | |
| Plaintiff, | Case No. 1:24-cv-05874-NRB |
| v. | |
| RYAN COHEN and RC VENTURES LLC, | |
| Defendant. | |

---

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANTS RYAN COHEN AND RC VENTURES LLC

Defendants Ryan Cohen and RC Ventures LLC ("RCV," and together with Mr. Cohen, the "Cohen Defendants"), by its undersigned counsel, answers the Second Amended Complaint ("SAC") of Plaintiff 20230930-Dk-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

The Cohen Defendants' Answer is based on their investigation to date, which is ongoing. The Cohen Defendants reserve their right to supplement, clarify, or amend their Answer during the course of litigation, as additional information becomes available and as their investigation continues. For the sake of clarity and the avoidance of doubt, to the extent that an allegation in the SAC is not expressly admitted, the Cohen Defendants deny each and every such allegation. Many of the SAC's allegations state legal conclusions or purport to characterize or selectively quote from documents out of context. To the extent that responses are required to any such allegations, the Cohen Defendants deny all such allegations. The Cohen Defendants further deny any allegations

contained in, or inferences that may be drawn from, the captions or footnotes contained in the SAC, or any other portion of the SAC outside of its numbered paragraphs.

## RESPONSES TO THE SAC'S ALLEGATIONS

1.      The statements in Paragraph 1 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 1.

2.      The statements in Paragraph 2 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 2.

3.      The statements in Paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 3.

4.      The statements in Paragraph 4 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 4.

5.      The statements in Paragraph 5 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 5.

6.      The statements in Paragraph 6 constitute conclusions of law to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations of Paragraph 6.

7.      The Cohen Defendants admit that they purchased certain Bed Bath & Beyond, Inc. ("BBBY") equity securities in or around January 2022 and sold certain BBBY equity securities in

or around August 2022 for a profit. The Cohen Defendants deny the remaining allegations in Paragraph 7.

8.    The statements in Paragraph 8 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 8.

9.    The statements in Paragraph 9 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 9.

10.    The statements in Paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 10.

11.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.    The Cohen Defendants admit that Ryan Cohen is a natural person, a citizen of Canada, and a resident of the State of Florida. The Cohen Defendants admit that Mr. Cohen exercised voting and investment power over the BBBY securities held in the account of RC Ventures LLC ("RCV"). The Cohen Defendants admit that RCV is Mr. Cohen's personal investment vehicle. The Cohen Defendants deny the remaining allegations in Paragraph 12.

13.    The Cohen Defendants admit that RCV is a limited liability company formed under the laws of the State of Delaware, with a principal place of business located in the State of Florida. The Cohen Defendants admit that Mr. Cohen owned and controlled RCV at all relevant times. The Cohen Defendants admit that Mr. Cohen served as RCV's sole manager and personally invested in RC Ventures. The Cohen Defendants admit that RCV directly purchased, sold, and held the

Cohen Defendants' BBBY equity securities at Mr. Cohen's direction. The Cohen Defendants deny the remaining allegations in Paragraph 13.

14.    The Cohen Defendants admit Paragraph 14.

15.    The Cohen Defendants admit Paragraph 15.

16.    The Cohen Defendants admit that they filed a Schedule 13D with the SEC on March 7, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

17.    The Cohen Defendants admit that they filed amended Schedule 13Ds with the SEC on March 25, August 16, and August 18, 2022, which speak for themselves, and the Cohen Defendants respectfully refer the Court to those filings for their true and correct contents. Any inconsistent or misleading characterization of those filings is denied.

18.    The Cohen Defendants admit Paragraph 18.

19.    Paragraph 19 purports to characterize a letter from the Cohen Defendants to the Board of Directors of BBBY, attached as Exhibit 99.1 to the Schedule 13D filed on March 7, 2022 (the "March 6 Letter"), which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

20.    Paragraph 20 purports to characterize the March 6 Letter, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

21.     Paragraph 21 purports to characterize the March 6 Letter, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

22.     Paragraph 22 purports to characterize the March 6 Letter, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

23.     The Cohen Defendants admit that BBBY announced on March 25, 2022 that it had entered into an agreement, attached as Exhibit 99.1 to the Schedule 13D filed on March 24, 2022 (the "Cooperation Agreement"). The Cohen Defendants deny any other allegations in Paragraph 23.

24.     Paragraph 24 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that document for its true and correct contents. Any inconsistent or misleading characterization of that document is denied.

25.     Paragraph 25 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that document for its true and correct contents. Any inconsistent or misleading characterization of that document is denied.

26.     Paragraph 26 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that document for its true and correct contents. Any inconsistent or misleading characterization of that document is denied.

27.     Paragraph 27 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that document for its true and correct contents. Any inconsistent or misleading characterization of that document is denied.

28.     Paragraph 28 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that document for its true and correct contents. Any inconsistent or misleading characterization of that document is denied.

29.     Paragraph 29 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that document for its true and correct contents. Any inconsistent or misleading characterization of that document is denied.

30.     Paragraph 30 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that document for its true and correct contents. Any inconsistent or misleading characterization of that document is denied.

31.     Paragraph 31 purports to characterize the Cooperation Agreement, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that document for its true and correct contents. Any inconsistent or misleading characterization of that document is denied.

32.     The Cohen Defendants admit that Marjorie L. Bowen, Shelly C. Lombard, and Benjamin Rosenzweig joined BBBY's Board on March 24, 2022, and Ms. Bowen and Mr. Rosenzweig joined the Strategy Committee the same day.

33.     The Cohen Defendants admit that Ms. Bowen, Ms. Lombard, and Mr. Rosenzweig served on BBBY's board for the duration of the Cohen Defendants' investment in BBBY.

34.     The statements in Paragraph 34 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 34.

35.     The statements in Paragraph 35 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 35.

36.    The statements in Paragraph 36 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 36.

37.    The statements in Paragraph 37 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 37.

38.    Paragraph 38 purports to characterize March 12 and March 16, 2022 emails, which speak for themselves, and the Cohen Defendants respectfully refer the Court to those emails for their true and correct contents. Any inconsistent or misleading characterization of those emails is denied. The Cohen Defendants deny any other allegations in Paragraph 38.

39.    Paragraph 39 purports to characterize the March 6 Letter, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied. The Cohen Defendants deny the remaining allegations in Paragraph 39.

40.    The Cohen Defendants deny the allegations in Paragraph 40.

41.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     Paragraph 46 purports to characterize the transcript of Benjamin Rosenzweig's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

47.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     Paragraph 49 purports to characterize the transcript of Ms. Lombard's testimony in a related case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

50.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.     Paragraph 51 purports to characterize the transcript of Sue Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

52.     Paragraph 52 purports to characterize the transcript of Ms. Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the

transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

53.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.    The Cohen Defendants deny the allegations in Paragraph 57.

58.    The Cohen Defendants deny the allegations in Paragraph 58.

59.    The Cohen Defendants admit that Mr. Cohen and Mr. Rosenzweig spoke over the phone on April 16 and May 8, 2022. The Cohen Defendants deny that Mr. Cohen and Mr. Rosenzweig spoke over the phone on April 15, 2022; Mr. Cohen missed a call from Rosenzweig on that date. The Cohen Defendants admit that on May 7, 2022, Mr. Cohen and Mr. Rosenzweig spoke over the phone for less than one minute. To the extent not expressly admitted, the Cohen Defendants deny the allegations in Paragraph 59.

60.    Paragraph 60 purports to characterize the transcript of Mr. Rosenzweig's testimony in a related case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

61.    The Cohen Defendants admit Paragraph 61.

62.    The Cohen Defendants deny the allegations in Paragraph 62.

63.    Paragraph 63 refers to a Form 8-K, filed by BBBY with the SEC on June 29, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

64.    Paragraph 64 refers to a Form 8-K, filed by BBBY with the SEC on June 29, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

65.    The Cohen Defendants admit that BBBY's stock price decreased by over 23% on June 29, 2022. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 65.

66.    The Cohen Defendants admit that BBBY chair Harriet Edelman provided certain financial data to Mr. Cohen and informed him that Mark Tritton would cease serving as Chief Executive Officer of BBBY during a Zoom meeting on June 28, 2022. The Cohen Defendants deny that Ms. Edelman's disclosures to Mr. Cohen on June 28, 2022—which Ms. Edelman had obtained prior approval to disclose to Mr. Cohen—substantially exceeded the scope of the financial data that would be publicly disclosed the following day.

67.    Paragraph 67 purports to characterize the transcript of Ms. Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

68.    Paragraph 68 purports to characterize the transcript of Ms. Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the

transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

69.     The Cohen Defendants deny that the Zoom meeting on June 28, 2022 between Ms. Edelman and Mr. Cohen "ended up ranging far beyond the earnings release and personnel move." The Cohen Defendants acknowledge that Ms. Edelman took notes on June 28 memorializing the conversation with Mr. Cohen. Except as expressly admitted, Paragraph 69 is denied.

70.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Paragraph 71 purports to characterize a June 28, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that email for its true and correct contents. Any inconsistent or misleading characterization of that email is denied.

72.     Paragraph 72 purports to characterize a June 28, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that email for its true and correct contents. Any inconsistent or misleading characterization of that email is denied.

73.     Paragraph 73 purports to characterize a June 28, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that email for its true and correct contents. Any inconsistent or misleading characterization of that email is denied.

74.     The Cohen Defendants admit that Mr. Cohen communicated with BBBY directors or officers by email, phone, or videoconference in April, June, and July 2022. The Cohen Defendants deny that these communications were limited to—or even primarily with—Ms. Lombard, Mr. Rosenzweig, or Ms. Bowen. Much the contrary, most of the communications identified by Plaintiff were with officers or directors who were unaffiliated with Mr. Cohen, and did not include Cohen-affiliated directors.

75.     Paragraph 75 purports to characterize an April 27, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that email for its true and correct contents. Any inconsistent or misleading characterization of that email is denied.

76.     The Cohen Defendants admit Paragraph 76.

77.     Paragraph 77 purports to characterize an April 27, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the email for its true and correct contents. Any inconsistent or misleading characterization of the email is denied.

78.     The allegations in Paragraph 78 consist solely of vague and subjective opinions to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations of Paragraph 78.

79.     Paragraph 79 purports to characterize an April 7, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the email for its true and correct contents. Any inconsistent or misleading characterization of the email is denied.

80.     Paragraph 80 purports to characterize an April 7, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the email for its true and correct contents. Any inconsistent or misleading characterization of the email is denied.

81.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 consist solely of vague and subjective opinions to which no response is required. To the extent a response is required, the Cohen Defendants deny the allegations in Paragraph 82.

83.    Paragraph 83 purports to characterize an April 7, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the email for its true and correct contents. Any inconsistent or misleading characterization of the email is denied.

84.    Paragraph 84 purports to characterize the transcript of a call between Mr. Cohen, Mr. Tritton, and Gustavo Arnal, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

85.    Paragraph 85 purports to characterize the transcript of a call between Mr. Cohen, Mr. Tritton, and Mr. Arnal, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

86.    Paragraph 86 purports to characterize the transcript of a call between Mr. Cohen, Mr. Tritton, and Mr. Arnal, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

87.    Paragraph 87 purports to characterize the transcript of a call between Mr. Cohen, Mr. Tritton, and Mr. Arnal, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

88.    Paragraph 88 purports to characterize the transcript of a call between Mr. Cohen, Mr. Tritton, and Mr. Arnal, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

89.     Paragraph 89 purports to characterize the transcript of a call between Mr. Cohen, Mr. Tritton, and Mr. Arnal, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

90.     Paragraph 90 purports to characterize the transcript of a call between Mr. Cohen, Mr. Tritton, and Mr. Arnal, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

91.     The Cohen Defendants admit that Mr. Cohen participated in a call with Ms. Gove on July 15 in which he disclaimed any desire for material nonpublic information, but deny the remaining allegations in the first sentence. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence in Paragraph 91.

92.     Paragraph 92 purports to characterize the transcript of Ms. Gove's testimony in a related case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

93.     The Cohen Defendants deny the allegations of Paragraph 93.

94.     The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95.     The allegations in paragraph 95 consist solely of vague and subjective opinions to which no response is required. To the extent that a response is required, the Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.     Paragraph 96 purports to characterize the transcript of Ms. Gove's testimony in a related case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

97.     Paragraph 97 purports to characterize a July 21, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the email for its true and correct contents. Any inconsistent or misleading characterization of the email is denied.

98.     Paragraph 98 purports to characterize a July 21, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the email for its true and correct contents. Any inconsistent or misleading characterization of the email is denied.

99.     The Cohen Defendants admit that they sold their positions in BBBY through a number of transactions, but deny the remaining allegations in Paragraph 99.

100.    The Cohen Defendants admit that neither Mr. Rosenzweig nor Ms. Bowen served the full term of their appointment to the Board, having resigned therefrom on December 20, 2022 and February 11, 2023, respectively. The Cohen Defendants deny the remaining allegations in Paragraph 100.

101.    The Cohen Defendants admit Paragraph 101.

102.    The Cohen Defendants deny that the Cohen Appointees, as defined in the SAC, were conduits of material nonpublic information for Mr. Cohen. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 102.

103.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108.    The Cohen Defendants deny that their sales were informed by material nonpublic information. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 108.

109.    The Cohen Defendants deny that their sales were informed by material nonpublic information or that Mr. Cohen was keen for any such advance information. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 109.

110.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    Paragraph 117 purports to characterize the transcript of Ms. Gove's testimony in a related case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

118.    Paragraph 118 purports to characterize the transcript of Ms. Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

119.    Paragraph 119 purports to characterize the transcript of Ms. Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

120.    Paragraph 120 purports to characterize the transcript of Ms. Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

121.    Paragraph 121 purports to characterize the transcript of Ms. Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

122.    Paragraph 122 purports to characterize the transcript of Ms. Gove's testimony in a separate case, which speaks for itself, and the Cohen Defendants respectfully refer the Court to the transcript for its true and correct contents. Any inconsistent or misleading characterization of the transcript is denied.

123.    The Cohen Defendants deny the allegations of Paragraph 123.

124.    The Cohen Defendants deny the allegations of Paragraph 124.

125.    The Cohen Defendants deny the allegations of Paragraph 125.

126.    The statements in Paragraph 126 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 126.

127.    The Cohen Defendants admit Paragraph 127.

128.    The Cohen Defendants admit Paragraph 128.

129.    The Cohen Defendants deny the allegations of Paragraph 129.

130.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.

134.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134.

135.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.

136.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136.

137.    The Cohen Defendants admit Paragraph 137.

138.    Paragraph 138 refers the Press Release issued by BBBY on November 2, 2021, attached as Exhibit 99.3 to the Form 8-K, filed by BBBY with the SEC on November 2, 2021, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

139.    The Cohen Defendants admit that BBBY's fiscal year 2021 ended on February 26, 2022. The Cohen Defendants deny any other allegations in Paragraph 139.

140.    Paragraph 140 refers to the Investor Presentation issued by BBBY on January 6, 2022, attached as Exhibit 99.2 to the Form 8-K, filed by BBBY with the SEC on November 2, 2021, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

141.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

143.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143.

144.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144.

145.    Paragraph 145 refers to the Form 8-Ks filed by BBBY with the SEC on August 28, 2021 and November 2, 2021, which speak for themselves, and the Cohen Defendants respectfully refer the Court to those filings for their true and correct contents. Any inconsistent or misleading characterization of those filings is denied. The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 145.

146.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147.    The Cohen Defendants deny the allegations of Paragraph 147.

148.    The Cohen Defendants deny the allegations of Paragraph 148.

149.    Paragraph 149 purports to characterize the March 6 Letter, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied. The Cohen Defendants deny any other allegations in Paragraph 149.

150.    The Cohen Defendants deny the allegations of Paragraph 150.

151.    Paragraph 151 purports to characterize an April 14, 2022 email, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that email for its true and correct contents. Any inconsistent or misleading characterization of that email is denied.

152.     Paragraph 152 refers to the Form 10-K filed by BBBY with the SEC on April 21, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

153.     Paragraph 153 refers to the Definitive Proxy Statement filed by BBBY with the SEC on June 1, 2022 and Form 10-Q filed by BBBY with the SEC on June 29, 2022, which speak for themselves, and the Cohen Defendants respectfully refer the Court to those filings for its true and correct contents. Any inconsistent or misleading characterization of those filings is denied.

154.     The statements in Paragraph 154 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 154.

155.     The statements in Paragraph 155 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 155.

156.     The Cohen Defendants admit that they filed an amended Schedule 13D with the SEC on August 16, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of those filings is denied.

157.     The Cohen Defendants deny the allegations of Paragraph 157.

158.     The statements in Paragraph 158 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159.    The statements in Paragraph 159 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160.    The statements in Paragraph 160 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 160.

161.    Paragraph 161 refers to the Statement of Changes in Beneficial Ownership on Form 4, filed by the Cohen Defendants with the SEC on August 18, 2022, which speaks for itself, and the Cohen Defendants respectfully refer the Court to that filing for its true and correct contents. Any inconsistent or misleading characterization of that filing is denied.

162.    The Cohen Defendants admit Paragraph 162.

163.    The Cohen Defendants admit that the transactions identified in Table 1 of Paragraph 163 occurred. The Cohen Defendants deny the remaining allegations in Paragraph 163.

164.    The Cohen Defendants admit Paragraph 164.

165.    The Cohen Defendants admit the first sentence of Paragraph 165. The second sentence of Paragraph 165 constitutes a conclusion of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations in the second sentence of Paragraph 165.

166.    The statements in Paragraph 166 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 166.

167.    The statements in Paragraph 167 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 167.

168.    The Cohen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168.

169.    The statements in Paragraph 169 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 169.

170.    The statements in Paragraph 170 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 170.

171.    The statements in Paragraph 171 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 171.

172.    The statements in Paragraph 172 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 172.

173.    The Cohen Defendants incorporate herein their responses to Paragraphs 1 through 173 of this Answer.

174.    The statements in Paragraph 174 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 174.

175.    The statements in Paragraph 175 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 175.

176.    The statements in Paragraph 176 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 176.

177.    The statements in Paragraph 177 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 177.

178.    The statements in Paragraph 178 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 178.

179.    The statements in Paragraph 179 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 179.

180.    The statements in Paragraph 180 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 180.

181.    The statements in Paragraph 181 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 181.

182.    The statements in Paragraph 182 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 182.

183.    The statements in Paragraph 183 constitute conclusions of law to which no response is required. To the extent that a response is required, the Cohen Defendants deny the allegations of Paragraph 183.

## RESPONSE TO PRAYER FOR RELIEF

The statements in Plaintiff's Prayer for Relief constitute requests for relief to which no response is required. To the extent a response is required, the Cohen Defendants deny that Plaintiff is entitled to any of the requested relief or any relief whatsoever.

## RESPONSE TO JURY DEMAND

The Cohen Defendants admit that Plaintiff purports to demand a jury trial, but reserve the right to challenge this demand.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses, the Cohen Defendants allege as follows. By alleging the matters set forth below, the Cohen Defendants do not thereby allege or admit that the Cohen Defendants have the burden of proof or the burden of persuasion with respect to any of these matters. Furthermore, the Cohen Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve the right to amend their Answer and assert all such defenses.

## FIRST DEFENSE

This action is barred because the SAC fails to state a claim against the Cohen Defendants upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's sole claim for relief is barred under SEC Rule 13d-1 because the Cohen Defendants did not know and had no reason to believe that the information contained in BBBY's most recent quarterly or annual report was inaccurate.

## THIRD DEFENSE

Plaintiff's sole claim for relief is barred under SEC Rule 16a-2 because the Cohen Defendants are not liable for transactions predating the date on which they purportedly became directors.

## FOURTH DEFENSE

Plaintiff's sole claim for relief is barred under Section 23(a) of the Securities Exchange Act of 1934 because the Cohen Defendants acted in good faith in conformity with the rules and regulations of the Securities and Exchange Commission in effect at the time of the purchases and sales at issue.


Dated:  August 12, 2025                          Respectfully submitted,

                                                 WOLLMUTH MAHER & DEUTSCH LLP

                                                 */s/ Joshua M. Slocum*
                                                 Joshua M. Slocum
                                                 Maxwell G. Dillan
                                                 Jocelyn M. Stuto
                                                 500 Fifth Avenue
                                                 New York, New York 10110
                                                 Phone: (212) 382-3300
                                                 jslocum@wmd-law.com
                                                 mdillan@wmd-law.com
                                                 jstuto@wmd-law.com

                                                 *Attorneys for Defendants Ryan Cohen*
                                                 *and RC Ventures LLC*