UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC., <br><br> Plaintiff, <br><br> – v. – <br><br> RYAN COHEN and RC VENTURES LLC, <br><br> Defendants. | No. 24-cv-5874 (NRB) |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, the parties (together, the "Parties" and, each individually, a "Party") having agreed to the following terms of confidentiality, and the Court having found good cause for the issuance of an appropriately tailored protective order under Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order (the "Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms. The following restrictions and procedures shall apply to any documents, electronically stored information, or other information received from or produced to the Parties ("Discovery Material") in connection with the pretrial phase of this action:

I.  **Designating Discovery Materials as Confidential**

   1.   The person producing Discovery Material may designate as "Confidential" any portion thereof that contains nonpublic trade secrets, business, commercial,

financial, or personal information, the public disclosure of which is either restricted by law or may, in the reasonable, good faith opinion of the producing person, be detrimental to the producing person's business, commercial, financial, or personal interests, or detrimental to the business of any of that producing person's customers, clients, or employees, or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. The term "person" shall include any non-party that produces documents or gives testimony in response to a subpoena.

2. With respect to confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony and exhibits may be designated as "Confidential" either on the record during the deposition or in writing within 30 days after the deposition has concluded. During the 30-day period following the conclusion of the deposition, the entire deposition transcript will be treated as if it had been designated "Confidential." If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

3. If at any time prior to the trial of this action, a producing person realizes that any portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so

designate that Discovery Material by notifying all Parties in writing. Such Discovery Material will thereafter be treated as confidential under the terms of this Order. In addition, the producing person shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within five business days of providing such notice.

4. Any person subject to this Order who receives from any other person any "Discovery Material" that is designated as "Confidential" under the terms of this Order ("Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

## II. Disclosure of Confidential Discovery Material

5. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any person other than:

   (a) the Parties to this action (including, in the case of Plaintiff, Plaintiff's Plan Administrator and members of Plaintiff's Oversight Committee (as that term is defined in the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates), provided that any such member has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A);

   (b) the Parties' counsel, including any paralegal, clerical, or other assistant employed by such counsel and assigned specifically to work on this action;

   (c) as to any document, its author, its addressee, or any other person shown on the face of the document as having received a copy;

(d) any witness whose deposition has been noticed in this action, or who has been designated as a trial witness, provided that such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

(e) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, and any member of the expert witness's or consultant's staff working under the supervision of the expert witness or consultant, provided that each such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

(f) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided that such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

(g) any officer before whom a deposition is taken, including any stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(h) independent photocopying, graphic production services, or other litigation support services employed by the Parties or their counsel to assist in this action, including ediscovery vendors and their personnel and computer service personnel performing duties in relation to a computerized litigation system;

(i) the Court and its staff; or

    (j)    any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(e), or 5(f) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto as Exhibit A, stating that such person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request.

7. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

8. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose.

9. Nothing in this Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days

      before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

10. Nothing in this Order shall preclude any Party from disclosing any information if such information was in the Party's possession prior to its production in this action, unless the Party received such information through a violation of this Order.

### III. Filing Confidential Discovery Materials; Objections

11. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  In filing Confidential Discovery Material with the Court under seal, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Court's Electronic Case Filing system.  All Parties seeking to file redacted documents or documents under seal with the Court shall follow this Order, the Electronic Case Filing Rules & Instructions of the Southern District of New York ("SDNY ECF Rules"), and the Court's individual rules.  While this Order serves as a prior order of the Court permitting filing under seal pursuant to Rules 6.1 and 6.12 of the SDNY ECF Rules, the Parties shall use their best efforts to minimize such sealing.  The Parties further understand that the Court grants this Order subject to modification should

the Court determine as the litigation proceeds that the interests articulated in the motion are outweighed by the public's presumption of access to judicial documents. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006).

12. Any person who objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" treatment, which shall be available only in extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other Parties a written notice stating with particularity the grounds of the objection or request. If counsel are unable to resolve a dispute by agreement, then the Parties shall submit the dispute to the Court for resolution in accordance with the Court's individual rules.

13. Nothing in this Order constitutes an admission by any Party that any information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of any Confidential Discovery Material.

## IV. Inadvertent Disclosure of Privileged Materials

14. If, in connection with this litigation, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

15. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five business days, return or destroy all copies of the

      Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within seven business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

## V. Termination of the Litigation

18. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all persons subject to this Order shall destroy, delete, or remove all Confidential Discovery Material in their possession, including but not limited to terminating online, electronic discovery platforms.

19. Nothing in paragraph 16 shall require any person to destroy or delete any material stored in the ordinary course of business, including but not limited to attorney work files containing work papers, court papers, or emails related to this action.

20. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: August 19, 2025

/s/ *James A. Hunter*

James A. Hunter
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania  19087
Phone: +1 (484) 275-2162
Fax:     +1 (646) 462-3356
Email: hunter@hunterkmiec.com

*Counsel for Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc.*

/s/ *Maxwell G. Dillan*

Maxwell G. Dillan
WOLLMUTH MAHER & DEUTSCH LLP
Joshua M. Slocum
Maxwell G. Dillan
Jocelyn M. Stuto
500 Fifth Avenue
New York, New York 10110
Phone: +1 (212) 382-3300
Email: jslocum@wmd-law.com
            mdillan@wmd-law.com
            jstuto@wmd-law.com

*Counsel for Defendants Ryan Cohen and RC Ventures LLC*

**S O   O R D E R E D .**

Dated: _____
          New York, New York

_____
Naomi Reice Buchwald
United States District Judge

Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC.,<br><br>    Plaintiff,<br><br>– v. –<br><br>RYAN COHEN and RC VENTURES LLC,<br><br>    Defendants. | No. 24-cv-5874 (NRB) |

## NON-DISCLOSURE AGREEMENT

I hereby acknowledge that I have read, understood, and agree to be bound by the Stipulation and Protective Order (the "Order") entered in this action governing the non-disclosure of Confidential Discovery Material.

I agree that I will not disclose Confidential Discovery Material to any person, or otherwise use Confidential Discovery Material, unless such disclosure or use is done for purposes of this litigation and does not violate the terms of the Order. I acknowledge that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____

_____
Name: