# JAMES A HUNTER
## ATTORNEY AT LAW

201 KING OF PRUSSIA ROAD, SUITE 650
RADNOR, PENNSYLVANIA 19087

TELEPHONE (484) 275-2162
FACSIMILE (646) 462-3356

August 26, 2025

**BY ECF**

The Honorable Naomi Reice Buchwald
The United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007-1312

      Re:    *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*, No. 24-cv-5874 (NRB)
             Plaintiff's Request for Pre-Motion Conference for Motion to Compel

Dear Judge Buchwald:

      I write on behalf of Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY"),[1] to request a pre-motion conference for a proposed motion to compel document production under Rule 37(a)(3)(B)(iv). The motion will seek production of specified communications between the Cohen Defendants and their three appointees to BBBY's board of directors. The Cohen Defendants refused production, objecting that the Court dismissed the FAC to the extent of any theory that the appointees were serving as the Cohen Defendants' board deputies. While BBBY agrees that the deputization theory cannot support an independent claim for relief in light of the Court's ruling, the theory remains relevant to the calculation of damages on the remainder of BBBY's claim as explained below.

**I.**      **Background of the Dispute**

      The FAC pled a single claim for relief under Section 16(b) of the Securities Exchange Act of 1934, as amended. Dkt. 17 ¶¶ 173-183. It alleged that the Cohen Defendants were subject to Section 16(b) as BBBY "insiders" on two grounds: *first*, as BBBY directors under a theory of deputization, *id.* ¶¶ 34-125; and *second*, as beneficial owners of more than 10% of BBBY's common stock, *id.* ¶¶ 126-162. On the first theory, BBBY sought recovery of profit from all trades between February 22 and August 17, 2022. *Id.* ¶¶ 163, 169-170. The second theory reached only a subset of these trades — namely, purchases on March 1, 2, and 3, and sales on August 16 — made while the Cohen Defendants beneficially owned more than 10% of BBBY's common stock. *Id.* ¶¶ 163, 171-172.

      The Cohen Defendants filed a motion to dismiss the FAC, which the Court granted in part and denied in part. Dkts. 24, 32. The Court allowed the FAC to proceed under

---

[1] Other capitalized terms are used as defined in the First Amended Complaint ("FAC") filed November 8, 2024 [Dkt. 17]. While BBBY recently filed a Second Amended Complaint [Dkt. 38], the relevant allegations of the two pleadings are identical.

The Honorable Naomi Reice Buchwald
August 26, 2025
Page 2

the 10% ownership theory but concluded that the deputization theory could not support a Section 16(b) claim because the Cohen Appointees did not join BBBY's board until March 24, weeks after the Cohen Defendants' last purchase. Dkt. 32 at 22-23. Under Rule 16a-2, transactions by a director or officer "in the six months prior to the director or officer becoming subject to section 16 of the Act" are generally exempt from liability. 17 C.F.R. § 240.16a-2(a). The Court rejected BBBY's argument that the rule should be held invalid after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). Dkt. 32 at 22.

BBBY agrees that, in light of the Court's ruling, the deputization theory cannot support a standalone Section 16(b) claim because an essential element — a matchable purchase — is lacking. The theory remains relevant to profit calculation on the remainder of the claim, however, because it allows BBBY to match additional sales with the purchases the Cohen Defendants made as 10% owners. The Cohen Defendants' August 16 sales reduced their holdings below 10%, but the later sales on August 17 fetched higher prices. *See* Dkt. 17 ¶ 163. Both days' sales were made while the Cohen Appointees were allegedly representing the Cohen Defendants on BBBY's board. If the Cohen Defendants' purchases as 10% owners in early March were matched with the sales on August 17 rather than August 16, a higher profit would result. The deputization allegations thus supply additional facts that, if proved, would increase damages on the properly pled 10% ownership claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) ("[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.").

BBBY thus sought discovery of evidence relevant to establishing a deputization relationship between the Cohen Defendants and Cohen Appointees. Verbatim excerpts from the document requests and responses are attached as Exhibit A to this letter. Request No. 2 sought "communications concerning Plaintiff or its Equity Securities between Ryan Cohen (or any representative of Ryan Cohen or RC Ventures LLC) and any Cohen Appointee." Ex. A. BBBY limited the request to documents "dated as of, or concern[ing] events occurring on, any date between January 1, 2022 and August 31, 2022." *Id.* The Cohen Defendants refused the request, objecting that it "seeks documents not relevant to the claims or defenses in this Action, as Plaintiff's claim for relief under Section 16(b) based upon the 'directors by deputization' theory has been dismissed." *Id.* (citing Dkt. 32 at 19-23).

The parties conferred under Rule 37(a)(1) last week. While they resolved some disputed matters, the dispute outlined in this letter remains and requires judicial intervention.

**II.       Analysis and Proposed Motion**

The scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Cohen Defendants do not object to production on any basis other than relevance. Ex. A. It follows that, if the issue of deputization remains relevant to any portion of BBBY's surviving claim, then proportional discovery on that issue is within scope and without objection.

The Honorable Naomi Reice Buchwald
August 26, 2025
Page 3

The sales the Cohen Defendants allegedly made as directors by deputization on August 17 are matchable with their March purchases while 10% beneficial owners. That conclusion follows from the Second Circuit's opinion in *Adler v. Klawans*, 267 F.2d 840 (2d Cir. 1959). The *Adler* Court held that a director's sales may be matched with purchases made before he became subject to Section 16(b) as a board member. *Id.* at 847. If a director's sales may be matched with purchases made while he was not subject to the statute at all, then perforce they may be matched with purchases made while he was subject to the statute as a 10% owner.

Rule 16a-2(a) exempts the purchases the Cohen Defendants made before buying above the 10% line on March 1, but not the subsequent purchases on March 1, 2, or 3. The plain terms of the rule limit the exemption to trades before the director or officer "[became] subject to section 16," *not* trades before he "bec[ame] subject to section 16 . . . *[as an officer or director]*." 17 C.F.R. § 240.16a-2(a) (emphasis and alteration added). Thus, trades by a person who is not a director or officer, but who nevertheless "[became] subject to section 16" as a 10% owner, do not qualify for the exemption. *Adler* continues to govern those trades with its rule that a statutory director must disgorge any profit realized from a short-swing trade even if the first leg of the trade occurred before his directorship.

That is also how the Second Circuit interpreted Rule 16a-2 in *Gryl v. Shire Pharmaceuticals Group Plc*, 298 F.3d 136 (2d Cir. 2002). Footnoting the rule, the Court explained that "Section 16(b) liability does not extend to individuals who were neither directors *nor other insiders of the issuer* when they acquired their issuer equity securities." *Id.* (emphasis added). In this case, the Cohen Defendants were properly alleged to have been "other insiders of the issuer" as of March 1, when they became 10% beneficial owners. Under *Gryl*, *Adler*, and Rule 16a-2, the Cohen Defendants' post-10% purchases on March 1, 2, and 3 are matchable with their sales less than six months later, regardless of whether the Cohen Defendants made those sales as 10% owners or as directors by deputization.

### III.        Conclusion

In light of the Court's prior ruling, BBBY's allegation that the Cohen Defendants functioned as directors by deputization cannot support an independent claim under Section 16(b). The sales the Cohen Defendants allegedly made as directors by deputization on August 17 remain matchable, however, with their purchases as 10% beneficial owners. Those sales would increase the profit recoverable on the properly pled claim because they were made at higher prices than the August 16 sales. A deputization relationship at the time of the August 17 sales is thus relevant and within the permissible scope of discovery, and the Court should allow and grant BBBY's proposed motion to compel production of responsive documents.

Respectfully submitted,

/s/ James A. Hunter

Copies by ECF: All Counsel of Record