# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

August 29, 2025

**VIA ECF**
Honorable Naomi Reice Buchwald
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*, Case No. 1:24-cv-05874-NRB

Dear Judge Buchwald:

Ryan Cohen and RC Ventures LLC ("RCV" and, together, the "Cohen Defendants") submit this letter in response to the August 26, 2025 letter from James Hunter on behalf of Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("Plaintiff" or "BBBY"), requesting a pre-motion conference regarding Plaintiff's proposed motion to compel document production under Rule 37(a)(3)(B)(iv) (the "Pre-Motion Letter").[1] ECF No. 43.

The Cohen Defendants oppose this request because communications between the Cohen Defendants and the three independent directors appointed to BBBY's Board (the "Cohen Appointees") are irrelevant following the Court's dismissal of Plaintiff's "director by deputization" theory of liability. Despite having this theory of liability dismissed, Plaintiff nevertheless seeks communications with the Cohen Appointees based on its assertion that it can match purchases that the Cohen Defendants made while they were allegedly beneficial owners with sales the Cohen Defendants made while they were allegedly directors by deputization, but no longer beneficial owners, to inflate the amount of profits subject to potential disgorgement. There is no basis for this type of matching in either the statutory language of Section 16(b) or the case law. For the reasons set forth below, Plaintiff's request for a pre-motion conference regarding its proposed motion to compel the Cohen Defendants to produce these documents should be denied.

## I.    Background

The FAC asserted a single claim for relief under Section 16(b) based upon two independent theories. Dkt. 17 ¶¶ 173-183. *First*, the FAC alleged that the Cohen Defendants were liable under Section 16(b) under the "beneficial owner" theory for profits realized from their purchases on March 1, 2, and 3, 2022, and subsequent sales on August 16, 2022, which is the period of time Plaintiff alleges the Cohen Defendants beneficially owned more than 10% of BBBY's outstanding common stock. Pre-Motion Letter at 1, Dkt. No. 17 ¶¶ 163, 171-172. *Second*, Plaintiff alleged the

---

[1] Unless otherwise defined, capitalized terms are used as defined in the First Amended Complaint ("FAC") filed November 8, 2024 [Dkt. No. 17]. As Plaintiff noted, while BBBY recently filed a Second Amended Complaint [Dkt. No. 38], the relevant allegations of the two pleadings are identical.

Cohen Defendants were liable for profits realized on all trades made between February 22 and August 17, 2022 based upon their alleged status as "directors by deputization," (Pre-Motion Letter at 1, dkt. No. 17 ¶¶ 163, 169-170), while at the same time conceding that the Cohen Defendants could not have assumed this status until, at earliest, March 24, 2022, which was nearly three weeks after the Cohen Defendants' final purchase. Dkt. No. 17 ¶ 32, 163.

On April 18, 2025, this Court dismissed Plaintiff's claim to the extent it was predicated on the "director by deputization" theory:

> [B]ecause plaintiff fails to point to any purchases that occurred after the March appointees joined the BBBY board on March 24, 2022, the Cohen defendants could not have qualified as directors by deputization at the time of the relevant purchases under Rule 16a-2(a), and any resulting profits from the matched transactions are not subject to recapture under Section 16(b) under this theory of liability.

Dkt. No. 32 (the "Motion to Dismiss Decision") at 22-23. As a result, the only theory of liability remaining in this action is based on the Cohen Defendants' alleged status as beneficial owners. By Plaintiff's own admission, this theory covers profitable purchases and sales of BBBY's equity securities in the period between March 1 and August 16, which is the time period Plaintiff alleges "the Cohen Defendants beneficially owned more than 10% of BBBY's common stock." Pre-Motion Letter at 1. Accordingly, any sales made after August 16, when the Cohen Defendants no longer owned more than 10% of BBBY's common stock, are not relevant to this dispute.

Nevertheless, on July 3, 2025, Plaintiff served its First Set of Requests for Production of Documents to the Cohen Defendants. In Document Request No. 2, Plaintiff requested the Cohen Defendants "[p]roduce communications concerning Plaintiff or its Equity Securities between Ryan Cohen (or any representative of Ryan Cohen or RC Ventures LLC) and any Cohen Appointee." Pre-Motion Letter Ex. A. The Cohen Defendants objected to this Request on the grounds that "it seeks documents not relevant to the claims or defenses in this action, as Plaintiff's claim for relief under Section 16(b) based upon the 'directors by deputization' theory has been dismissed." *See* Dkt. No. 32 at 19-23." *Id.*

Plaintiff has requested a pre-motion conference regarding its proposed motion to compel the Cohen Defendants to produce these documents. Plaintiff's request should be denied.

## II.    Argument

The Federal Rules of Civil Procedure only permit parties to "obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b) (emphasis added). "By definition, then, the Rules do not permit discovery regarding a claim . . . that is no longer in the action." *Paul Rudolph Found, Inc. v. Paul Rudolph Heritage Found.*, 2023 WL 3558857, at *2 (S.D.N.Y. Apr. 27, 2023). The parties agree that, "in light of the Court's ruling, the deputization theory cannot support a standalone Section 16(b) claim because an essential element — a matchable purchase — is lacking" and therefore only the beneficial owner theory of liability remains. Pre-Motion Letter at 2. Accordingly, the Cohen Defendants' communications with the Cohen Appointees, which have no

bearing on whether or when the Cohen Defendants obtained more than 10% beneficial ownership of BBBY's stock, are not relevant to "any party's claim or defense[.]" Fed. R. Civ. P. 26(b).

Plaintiff's argument that these communications are still relevant notwithstanding the dismissal of its director by deputization theory is misguided. Plaintiff claims that purchases the Cohen Defendants made while they were allegedly beneficial owners can be matched with sales they made while they were allegedly directors by deputization, but no longer beneficial owners. This argument conflicts with the plain language of Section 16(b). When interpreting the meaning of a statute, the Court's "inquiry begins with the plain language of the statute and 'where the statutory language provides a clear answer, it ends there as well.'" *Peralta-Taveras v. Attorney General*, 488 F.3d 580, 584 (2d Cir. 2007) (quoting *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). Section 16(b) states that that "[t]his subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale[.]" 15 U.S.C. § 78p(b). Therefore, the unambiguous language of the statue itself makes clear that purchases made while someone is a beneficial owner can be matched *only* with sales made while he is still a beneficial owner. This alone ends the inquiry.

None of Plaintiff's other arguments change this analysis. Plaintiff claims that *Adler v. Klawans*, 267 F.2d 840 (2d Cir. 1959) allows matching the purchases of a beneficial owner with the sales of a director. *Adler* states only that a person can be liable as a director under Section 16(b) "even though the person involved was a director only at the time of the sale and not at the time of the purchase." *Id.* at 847. It does not go any further to say whether purchases can be matched in this way. The issue Plaintiff has presented to the Court was simply not before the Second Circuit in *Adler*.

*Adler* was also was decided before the SEC promulgated Rule 16a-2, which clarifies that a director can be liable for transactions predating its directorship in one specific circumstance: when the director became subject to Section 16(b) "solely as a result of the issuer registering a class of equity securities pursuant to section 12 of the Act." 17 C.F.R. § 240.16a–2(a). It is undisputed that this did not occur here. Plaintiff's claim that Rule 16a-2 does not exempt "trades by a person who is not a director or officer, but who nevertheless 'became subject to section 16' as a 10% owner," reads out this "single circumstance in which an individual" can be liable for transactions prior to becoming a director. *Gryl v. Shire Pharmaceuticals Group Plc*, 298 F.3d 136, 141 n.3 (2d Cir. 2002).

Finally, the portion of *Gryl* that Plaintiff cites stands only for the unremarkable position that individuals cannot be held liable under Section 16(b) when they did not hold statutory insider status at the time of their purchases. 298 F.3d 136, 141. The more relevant portion of *Gryl*, cited above, recognizes that Rule 16a-2 shields any individual from Section 16(b) liability as a director for transactions predating their directorship, unless that person became subject to Section 16 as a result of an issuer's initial registration.

## III.    Conclusion

Based on the foregoing reasons, the Court should deny Plaintiff's request to file a motion to compel the production of documents responsive to Document Request No. 2.

Respectfully submitted,

*/s/ Joshua M. Slocum*
Josuha M. Slocum
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Counsel for Ryan Cohen and RC Ventures LLC*

cc:      Counsel of Record (via ECF)