**WOLLMUTH MAHER & DEUTSCH LLP**
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

May 19, 2026

**VIA ECF**
Honorable Naomi Reice Buchwald
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*, Case No. 1:24-cv-05874-NRB

Dear Judge Buchwald:

      Defendants Ryan Cohen and RC Ventures LLC (together, the "Cohen Defendants") write to respectfully request an order pursuant to Rule 45(d) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to quash the subpoena Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY") served on the Cohen Defendants' retained expert, Natasha Kassian, on May 5, 2026 (the "Subpoena"), attached hereto as Exhibit 1.[1]

      The Subpoena, served pursuant to Fed. R. Civ. P. Rule 45, is an improper device to obtain expert discovery under the circumstances, and was untimely served pursuant to the case management order in this action. Accordingly, the Cohen Defendants respectfully request the Court enter an order quashing the Subpoena.

## BACKGROUND

      On August 1, 2024, Plaintiff BBBY filed the Complaint initiating this action (EFC No. 1), alleging the Cohen Defendants violated Section 16(b) of the Securities Exchange Act of 1934 while transacting in BBBY's securities in early 2022. Plaintiff filed an Amended Complaint on November 8, 2024 (ECF No. 17), which the Cohen Defendants moved to dismiss (ECF No. 24). Following the Court's order on the Cohen Defendants' motion to dismiss, which dismissed certain of Plaintiff's claims, the parties entered into a Case Management Plan and Scheduling Order, setting fact discovery period to end on December 15, 2025 (ECF No. 37). On October 8, 2025, the Court granted the parties' request for a brief extension of the discovery period, extending the end of fact discovery to January 30, 2026 (the "Amended CMO") (ECF No. 47).

---

[1] The Cohen Defendants have standing to object to subpoenas served on their expert witness. *See, e.g.*, *Evanko v. Elec. Sys. Assocs., Inc.*, 1993 WL 14458, at \*3 (S.D.N.Y. Jan. 8, 1993) ("Although as a general rule a party may not complain about the burden or irrelevance of a discovery subpoena addressed to a non-party, that is not the case when the subpoena is directed at the party's designated expert witness.") (citation omitted).

Pursuant to the Amended CMO, on February 27, 2026, the parties jointly notified the Court of their intention to engage in expert discovery, setting the deadline for the Cohen Defendants to serve their initial expert disclosure on April 24, 2026. Accordingly, on April 24, 2026, the Cohen Defendants served on Plaintiff the Expert Report of Natasha Kassian (the "Report"). On May 5, 2026, Plaintiff served the Subpoena on Ms. Kassian. In addition to compelling Ms. Kassian to sit for a deposition, the Subpoena also requested Ms. Kassian produce the following documents:

(1)    Documents concerning any complaint or record of discipline concerning the performance of your job duties within the last 10 years at any of the institutions listed on Exhibit A to the Report. This request is not subject to the date restriction of Instruction G;

(2)    The transcript of any testimony given by you (a) in the case listed on Appendix C to the Report, or (b) in any other hearing or matter in the last 10 years. This request is not subject to the date restriction of Instruction G;

(3)    Any retainer, engagement letter, or other agreement under which you have agreed to perform work or accept compensation concerning this case;

(4)    The timesheets, statements, invoices, and other billing records for your services in this case;

(5)    Documents cited or otherwise referred to in the Report, provided that you do not need to produce any document that has been filed in this case, that has been produced in this case, or for which the Report provided a working hyperlink. This request is not subject to the date restriction of Instruction G;

(6)    Documents that identify facts or data that you considered in forming any opinion to be expressed in this case, provided that you do not need to produce any document that has been filed in this case, that has been produced in this case, or for which the Report provided a working hyperlink. This request includes but is not limited to documents the Cohen Defendants or their attorneys provided to you. This request is not subject to the date restriction of Instruction G;

(7)    Documents that identify assumptions that the Cohen Defendants or their attorneys provided to you and that you relied on in forming any opinion to be expressed in this case, provided that you do not need to produce any document that has been filed in this case, that has been produced in this case, or for which the Report provided a working hyperlink. This request is not subject to the date restriction of Instruction G;

(8)    Documents that contradict any statement in your report dated April 24, 2026;

2

(9)     Documents (including any demonstrative exhibit) that you may use at trial concerning any opinion to be expressed in this case. This request is not subject to the date restriction of Instruction G; and

(10)    Any statement filed with the SEC under Section 16(a) or Section 13(d) of the Act within the last 10 years and prepared by you or under your direction if the disclosure in that statement assumed a number of outstanding shares of a class of an issuer's equity securities based in whole or in part on information other than information set forth in the issuer's most recent quarterly or annual report or any current report subsequent thereto. This request is not subject to the date restriction of Instruction G.

On May 11, 2026, the Cohen Defendants served a letter on Plaintiff, objecting to the Subpoena in its entirety as improper under Fed. R. Civ. P. Rule 45 ("Rule 45") and Fed. R. Civ. P. Rule 26 ("Rule 26"). However, the Cohen Defendants agreed to make Ms. Kassian available for a deposition, and to provide Plaintiff with any documents to which it was entitled under Rule 26 if Plaintiff were to identify any that had not yet been disclosed. The parties met and conferred on May 13, 2026, but have reached an impasse.

## ARGUMENT

### I.      Plaintiff's Use of a Rule 45 Subpoena Directed at a Retained Expert is Improper.

Plaintiff's use of a Rule 45 subpoena directed at the Cohen Defendants' retained expert is improper. Because Rule 26, not Rule 45, governs expert discovery, the "[u]se of a Rule 45 subpoena to a party's expert is inappropriate." *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, 2019 WL 7370367, at *1 (D. Conn. Apr. 8, 2019) (quashing subpoena issued to expert witness). Accordingly, courts in this District and elsewhere have quashed Rule 45 subpoenas directed at a parties' retained expert. *See Pope v. City of New York*, 2012 WL 555997, at *1 (S.D.N.Y. Feb. 10, 2012) (quashing Rule 45 subpoena issued to plaintiff's expert witness "for violation of Rule 45(b)(1)…and because routine use of subpoenas directed to a party's expert is inappropriate"); *see also McEvoy v. Diversified Energy Co. PLC*, 2023 WL 6194924, at *2 (N.D.W. Va. May 15, 2023) (adopting reasoning of *Pope* and *Ice Cube* and granting protective order); *In re Fuller*, 2013 WL 5305317, at *2 (D. Me. Sept. 18, 2013) (stating that "[t]he Rules Committee's comment to the 1991 amendment of Rule 45 states clearly that the rule 'does not apply to the expert retained by a party, whose information is subject to the provisions of Rule 26(b)(4).'").[2] Therefore, Plaintiff's use of a Rule 45 subpoena to request documents from Ms. Kassian is inappropriate, and the Subpoena should be quashed on that ground alone.

---

[2] During the parties' May 13, 2026 meet and confer, Plaintiff's counsel cited to *Reit v. Post Properties, Inc.* for the proposition that "a subpoena duces tecum, pursuant to Rule 45, is an appropriate discovery mechanism against a nonparty expert witness." 2010 WL 4537044, at *9 (S.D.N.Y. Nov. 4, 2010). That case, however, focused on how much a party's expert witness should be compensated for responding to discovery demands. The portion Plaintiff's counsel cited—in which the court relied on a decision from the Northern District of Illinois—is merely dicta and against the authority in the Second Circuit cited above.

**II.    Discovery is Barred Because the Fact Discovery Period Has Closed and the Scope of the Subpoenas Goes Beyond Required Disclosures Under Rule 26.**

The Subpoena is untimely, as fact discovery in this action has already closed. Rule 45 is a fact discovery device. Fact discovery ended on January 30, 2026. ECF No. 37. Therefore, Plaintiff's service of the Subpoena over three months after fact discovery closed is untimely. *Pasternak v. Dow Kim*, 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2013) ("Rule 45 subpoenas have been held generally to constitute discovery, and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery.") (internal quotations omitted).

To the extent that Plaintiff is improperly utilizing a Rule 45 subpoena to request expert discovery from Ms. Kassian, the documents requested in the Subpoena go beyond the scope of expert discovery Plaintiff is entitled to under Rule 26. Requests 5, 6, and 7 in the Subpoena seek documents that are discoverable under Rule 26 and are therefore moot. Appendix B of the Report lists all the documents Ms. Kassian reviewed and considered. All such documents are already in the record. As noted above, the Cohen Defendants informed Plaintiff that they would produce any documents in compliance with their obligations pursuant to Rule 26 if Plaintiff were to identify documents cited in the Report that were not previously produced in this action. Plaintiff has identified no such documents.

The other Requests (Requests 1-4 and 8-10) seek documents that go beyond the scope of Rule 26. Those Requests seek (1) personal employment discipline records from the past ten years, (2) testimony transcripts from the past ten years, (3) the engagement letter and all billing records in this matter, (4) any documents that contradict statements in the Report, (5) any documents (including demonstrative exhibits) that Ms. Kassian may use at trial, and (6) any statements filed with the SEC that were prepared by or at the direction of Ms. Kassian. These broad-sweeping Requests seek documents that are not required to be disclosed under Rule 26 and are therefore impermissible, particularly by way of a Rule 45 subpoena (*see* Point I above).

**CONCLUSION**

Based on the foregoing reasons, the Cohen Defendants respectfully request the Court grant their motion to quash the Subpoena.

Respectfully submitted,

/s/      *Joshua M. Slocum*
Joshua M. Slocum
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Counsel for Ryan Cohen and RC Ventures LLC*

cc:    Counsel of Record (via ECF)