# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| 20230930-DK-BUTTERFLY-1, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    24-cv-5874 (NRB) |
| RYAN COHEN and<br>RC VENTURES LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          Natasha Kassian

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: SEDA Experts, LLC, 1185 Avenue of the Americas, New York, New York 10036, by videoconference | Date and Time:<br>05/28/2026 10:00 am |
|---|---|

The deposition will be recorded by this method:     Stenographically.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/05/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ James A. Hunter<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc.     , who issues or requests this subpoena, are:

James A. Hunter, 201 King of Prussia Rd, Ste 650, Radnor, PA 19087 // hunter@hunterkmiec.com // (484) 437-5935

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 24-cv-5874 (NRB)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

　　　　I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

　　　　❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

　　　　❏ I returned the subpoena unexecuted because: _____

_____ .

　　　　Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

　　　　$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

　　　　I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**INSTRUCTIONS**

A.      This subpoena seeks the production of each document in its entirety, without abbreviation or expurgation, and all drafts and nonidentical copies of each document.

B.      If any document requested herein is withheld on the basis that it is privileged or otherwise protected from disclosure, then the withholding person must (a) assert a claim of privilege or protection; and (b) describe the nature of the withheld document in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim of privilege or protection.

C.      If a portion of an otherwise responsive document contains information claimed to be privileged or otherwise protected from disclosure, those portions of the document subject to the claim of privilege or protection should be redacted from the document following the instructions in the preceding paragraph and the rest of the document should be produced.

D.      All documents must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond to the categories requested in this subpoena.

E.      Unless otherwise agreed, (a) spreadsheets should be produced in Excel format; (b) audio or visual recordings or similar media should be produced in their native format; (c) any document in the form of electronically stored information not described in clause (a) or (b) above should be produced in portable document format (PDF); (d) any PDF files should be text-searchable; and (e) no file should be password-protected.

F.      Unless otherwise indicated, words used in this Attachment A have the meanings assigned them in Local Civil Rule 26.3.  In addition, the following terms have the following meanings when used in this Attachment A:

1.  "Act" means the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78a *et seq.*

2.  "Cohen Defendants" means Defendants Ryan Cohen and RC Ventures LLC.

3.  "Plaintiff" means 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc.

4.  "Report" means the Expert Report of Natasha Kassian dated April 24, 2026.

5.  "SEC" means the U.S. Securities and Exchange Commission.

G.      Unless otherwise indicated, a document does not need to be produced unless it is dated, or concerns events occurring, on or after August 1, 2024.

## REQUESTS FOR PRODUCTION

The following documents shall be produced as directed in the attached subpoena:

1.      Documents concerning any complaint or record of discipline concerning the performance of your job duties within the last 10 years at any of the institutions listed on Exhibit A to the Report.  This request is not subject to the date restriction of Instruction G.

2.      The transcript of any testimony given by you (a) in the case listed on Appendix C to the Report, or (b) in any other hearing or matter in the last 10 years.  This request is not subject to the date restriction of Instruction G.

A-2

3.    Any retainer, engagement letter, or other agreement under which you have agreed to perform work or accept compensation concerning this case.

4.    The timesheets, statements, invoices, and other billing records for your services in this case.

5.    Documents cited or otherwise referred to in the Report, provided that you do not need to produce any document that has been filed in this case, that has been produced in this case, or for which the Report provided a working hyperlink.  This request is not subject to the date restriction of Instruction G.

6.    Documents that identify facts or data that you considered in forming any opinion to be expressed in this case, provided that you do not need to produce any document that has been filed in this case, that has been produced in this case, or for which the Report provided a working hyperlink.  This request includes but is not limited to documents the Cohen Defendants or their attorneys provided to you.  This request is not subject to the date restriction of Instruction G.

7.    Documents that identify assumptions that the Cohen Defendants or their attorneys provided to you and that you relied on in forming any opinion to be expressed in this case, provided that you do not need to produce any document that has been filed in this case, that has been produced in this case, or for which the Report provided a working hyperlink.  This request is not subject to the date restriction of Instruction G.

8.    Documents that contradict any statement in your report dated April 24, 2026.

A-3

A-4

9.      Documents (including any demonstrative exhibit) that you may use at trial concerning any opinion to be expressed in this case.  This request is not subject to the date restriction of Instruction G.

10.      Any statement filed with the SEC under Section 16(a) or Section 13(d) of the Act within the last 10 years and prepared by you or under your direction if the disclosure in that statement assumed a number of outstanding shares of a class of an issuer's equity securities based in whole or in part on information other than information set forth in the issuer's most recent quarterly or annual report or any current report subsequent thereto.  This request is not subject to the date restriction of Instruction G.

A-4

