## James A Hunter
### ATTORNEY AT LAW

201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087

TELEPHONE (484) 275-2162
FACSIMILE (646) 462-3356

May 22, 2026

*BY ECF*

The Honorable Naomi Reice Buchwald
The United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007-1312

Re: *20230930-DK-Butterfly-1, Inc. v. Cohen et al.*, No. 24-cv-5874 (NRB)

Dear Judge Buchwald:

I write on behalf of Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY"), and in response to the May 19 letter-motion to quash [Dkt. 52] filed by Defendants Ryan Cohen and RC Ventures LLC (the "Cohen Defendants"). The motion violates the federal and local rules, wants for standing, and lacks merit. The Court should deny it.

## I.   The Motion Violates the Federal and Local Rules

The Cohen Defendants default at the gate for violating Local Civil Rule 37.2, which requires a conference before any motion under Rule 45. Their motion seeks relief "pursuant to Rule 45(d)," Mot. at 1, but without a conference where the dispute could have "been resolved" informally. Loc. Civ. R. 37.2. Gun-jumping motions like this are frequently denied. *See Freedman Normand Friedland, LLP v. Cyrulnik*, No. 21-cv-1746 (JGK), 2024 WL 2306175, at *1 (S.D.N.Y. May 21, 2024) (citing cases); *Forsythe v. Local 32BJ, SEIU*, No. 10 Civ. 8557(NRB), 2011 WL 2652395, at *5 n.9 (S.D.N.Y. June 23, 2011) (Buchwald, J.) ("A number of courts have held that the failure to comply with the procedural requirements for filing a motion to compel is sufficient grounds for denial of the motion." (citing cases)). The circumstances do not warrant treating this motion any differently, and in fact tip against it.[1]

## II.   The Cohen Defendants Lack Standing to Assert the Deponent's Rights

Even if the Court overlooks the motion's procedural defects, it should deny relief for lack of standing. "In the absence of a claim of privilege a party usually does not have

---

[1] Local Civil Rule 37.2 is not the only one the Cohen Defendants broke. They also violated Local Civil Rule 7.1(e), which restricts letter-motions to "[a]pplications for extensions or adjournments, applications for a premotion conference, and similar nondispositive matters." They violated Rule 2.A of the Court's individual practices and Rule 13.1 of its Electronic Case Filing Rules by moving to quash via letter-motion. And they capped these violations with a violation of Rule 5.2(a)(4) by filing an unredacted financial-account number on the public docket. *See* Dkt. 53.

The Honorable Naomi Reice Buchwald
May 22, 2026
Page 2

standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). This remains true when the witness is an expert. *See Wager v. G4S Secure Integration, LLC*, No. 19-CV-3547 (MKV) (KNF), 2020 WL 7028564, at *12 (S.D.N.Y. Nov. 27, 2020) (no standing to object to subpoena to potential Rule 35 expert), *vacated on other grounds*, 2021 WL 293076 (S.D.N.Y. Jan. 28, 2021); *accord Newcomb v. Principal Mut. Life Ins.*, No. 1:07CV345, 2008 WL 3539520, at *1 (W.D.N.C. Aug. 11, 2008) (no standing to object to expert subpoena).

The Cohen Defendants insist that the law recognizes party standing to challenge a subpoena "directed at the party's designated expert witness." Mot. at 1 n.1 (citing *Evanko v. Elec. Sys. Assocs.*, No. 91 Civ. 2851 (LMM), 1993 WL 14458, at *3 (S.D.N.Y. Jan. 8, 1993)). But such challenges have gone forward only when they assert a privilege, right, or other interest *personal to the party*. *See Cross Sound Cable Co. v. Long Island Lighting Co.*, No. 21-CV-2771 (KAM) (ARL), 2023 WL 5822288, at *1 (E.D.N.Y. May 3, 2023) (denying standing to challenge subpoena because "Plaintiff has not argued that the documents sought are privileged" but rather "that the discovery sought is beyond the scope of expert discovery").

That is a standard the Cohen Defendants do not meet. They do not contend that the subpoena infringes on protected work product, the attorney-client privilege, their privacy, or any other personal interest. Their sole objections are to the subpoena's propriety as a discovery vehicle and its adherence to Rule 26 and the Court's scheduling order. Mot. at 3–4. These generic interests in timely, rule-compliant discovery do not suffice for standing. *Cf. US Bank Nat'l Ass'n v. PHL Variable Ins.*, No. 12 Civ. 6811(CM)(JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) ("A party's general desire to thwart disclosure of information by a non-party is simply not an interest sufficient to create standing."). Because the Cohen Defendants fail to establish standing to assert the deponent's objections, their motion should be denied.

## III.        None of the Cohen Defendants' Objections Has Merit

The motion should be denied on the merits even if the Court reaches them. "[A] subpoena *duces tecum*, pursuant to Rule 45, is an appropriate discovery mechanism against a nonparty expert witness." *Reit v. Post Properties, Inc.*, No. 09 Civ. 5455(RMB)(KNF), 2010 WL 4537044, at *9 (S.D.N.Y. Nov. 4, 2010). The Cohen Defendants cast this language as "dicta" in an opinion about expense reimbursement, Mot. at 3 n.2, but the Court's decision on cost-shifting rested in part on the conclusion that the subpoena was proper, *see* 2010 WL 4537044, at *9. The language thus forms part of the Court's holding, and it's consistent with other decisions in this circuit, which routinely enforce subpoenas against expert witnesses. *See, e.g.*, *Simuro v. Shedd*, No. 2:13-cv-30, 2014 WL 5776149, at *3–4 (D. Vt. Nov. 6, 2014); *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, No. 3:12CV220 (WWE), 2014 WL 655206, at *2 n.1, 8 (D. Conn. Feb. 20, 2014); *Safeco Ins. v. Vecsey*, 259 F.R.D. 23, 32–33 (D. Conn. 2009).

The weight of the nationwide authority points the same way. One exhaustive survey cited 16 cases from across the land — not to mention Rule 45's text, structure, purpose, and committee notes — in confirming a party's right to subpoena a nonparty expert. *See Roman*

The Honorable Naomi Reice Buchwald
May 22, 2026
Page 3

*v. City of Chi.*, Case No. 20 C 1717, 2023 WL 121765, at *3–10 (N.D. Ill. Jan. 6, 2023).[2]  The consensus is so broad it even includes one of the Cohen Defendants' own authorities.  *See Evanko*, 1993 WL 14458, at *3 (permitting documentary discovery from nonparty subpoenaed in "her role as an expert"), *cited in* Mot. at 1 n.1.

The Cohen Defendants challenge the subpoena as untimely fact discovery, Mot. at 4, but that makes no sense.  Their counsel conceded at the parties' conference that BBBY could ask about the subpoenaed documents at deposition.  The Cohen Defendants offer no authority for the novel proposition that a document request transforms this ripe field for expert examination into overripe fact discovery.  *See Dale K. Barker, Co. v. Sumrall*, No. 2:03CV903, 2009 WL 2614619, at *2 (D. Utah Aug. 24, 2009) ("Because the subpoena was issued on April 27, 2009, and seeks expert discovery, the court concludes that the subpoena is timely.").  The one authority they do cite involved a *trial* subpoena and thus cannot support the argument that an expert subpoena, served in the expert discovery phase in search of expert evidence, is somehow untimely.  *See Pasternak v. Kim*, No. 10 Civ. 5045(LTS)(JLC), 2013 WL 1729564, at *1–2 (S.D.N.Y. Apr. 22, 2013), *cited in* Mot. at 4.

On the scope of the requests, *see* Mot. at 4, the Cohen Defendants cite no authority at all — understandably, as the authorities do not support them.  *See, e.g.*, *Keresztessy v. Mount Snow, Ltd.*, No. 22-cv-00204, 2025 WL 4219292, at *3 (D. Vt. Apr. 3, 2025) (subpoena permitted for expert's personnel file); *D'Souza v. Marmaxx Operating Corp.*, No. EP-15-CV-00256-DCG, 2017 WL 1322243, at *9 (W.D. Tex. Apr. 7, 2017) (same for retainer agreements); *Powerweb Energy*, 2014 WL 655206, at *4 (same for communications between expert and party's attorneys about facts and assumptions); *Safeco*, 259 F.R.D. at 32–33 (same for expert billing records); *Expeditors Int'l of Wash., Inc. v. Vastera, Inc.*, No. 04 C 0321, 2004 WL 406999, at *2 (N.D. Ill. Feb. 26, 2004) (same for 10 years of deposition transcripts); *cf.* Fed. R. Civ. P. 26(a)(2)(B)(iii) (requiring disclosure of demonstrative and other exhibits); *id.* 26(b)(4)(C) (allowing disclosure of certain communications between expert and attorney).

This heap of law smothers any remaining objection, Mot. at 4, that expert document production is limited to the items described in Rule 26.  While the Cohen Defendants call the requests "broad-sweeping," *id.* at 4, they do not challenge them as *over*broad, unduly burdensome, cumulative or duplicative, irrelevant, disproportional to the needs of the case, or invasive of any privilege or protection.  These objections are all waived.  *See* Fed. R. Civ. P. 45(d)(2)(B); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996).  The Cohen Defendants bore the movant's burden, *see id.*, and they failed to carry it.

---

[2] The cited cases also dispatch the argument, Mot. at 4, that the subpoena's requests reach "beyond the scope of expert discovery."  *See Roman*, 2023 WL 121765, at *10 ("Fed. R. Civ. P. 26(a)(2) and 26(b)(4) contemplate that the expert reports constitute a minimum level of disclosure and does not prohibit a party using a subpoena duces tecum to obtain other discoverable information." (internal quotation marks omitted)).

The Honorable Naomi Reice Buchwald
May 22, 2026
Page 4

**IV.**          **Conclusion**

The motion should be denied.

Respectfully submitted,

/s/ James A. Hunter

Copies by ECF: All Counsel of Record