# James A Hunter
## ATTORNEY AT LAW

**201 King of Prussia Road, Suite 650**
**Radnor, Pennsylvania 19087**

TELEPHONE  (484) 275-2162
FACSIMILE  (646) 462-3356

May 24, 2026

*BY ECF*

The Honorable Naomi Reice Buchwald
The United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York  10007-1312

Re:    ***20230930-DK-Butterfly-1, Inc. v. Cohen et al.***, **No. 24-cv-5874 (NRB)**

Dear Judge Buchwald:

I write on behalf of Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY"), to request an order adjourning the deposition of Natasha Kassian, the expert witness retained to testify for Defendants Ryan Cohen and RC Ventures LLC (the "Cohen Defendants").

In support of the application, I aver:

## I.        Facts Required Under Rule of Practice 1.B

1.    The parties initially scheduled the deposition for **Thursday, May 28, 2026**.

2.    No prior adjournments have been sought or denied.

3.    BBBY requests an adjournment to **a date agreeable to all parties between July 1 and July 24, 2026**.

4.    The Court's scheduling order does not require completion of expert depositions until July 24, Dkt. 51, so the adjournment will not affect any date on the calendar.

5.    On May 21, the Cohen Defendants' counsel notified me that they refused to consent to the relief, explaining:

> "At this stage, we don't believe another meet and confer is necessary.  While we discussed postponing the deposition pending [the Cohen Defendants' motion to quash at Dkt. 52], after discussing internally, we maintain that the subpoena is improper and therefore the deposition should proceed as scheduled. Accordingly, our client would oppose a motion for an adjournment."

The Honorable Naomi Reice Buchwald
May 24, 2026
Page 2

**II.        The Adjournment Should Be Granted**

A scheduling order may be modified "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).[1]  "Good cause" turns on the diligence of the moving party.  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).  It means that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment.  The Court may also consider other relevant factors, like any prejudice the nonmovant would suffer.  *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014).  The decision is committed to the Court's sound discretion.  *See, e.g.*, *United States ex rel. Taylor v. GMI USA Corp.*, No. 16-cv-7216 (RWL), 2025 WL 1504309, at *2 (S.D.N.Y. May 27, 2025).

BBBY has good cause for an adjournment because its undersigned counsel cannot adequately prepare for the deposition, and not from lack of diligence.  Counsel cannot prepare because, in light of the pending motion to quash, he does not know which documents will be produced, if any, or when production will be made.  Counsel first proposed an adjournment on May 13 when the parties met and conferred on the motion to quash.  Opposing counsel said they would consider the request.  Undersigned counsel followed up on May 15, again on May 19, and again on May 20, but it was not until May 21 that the Cohen Defendants announced their decision (reprinted above) to oppose the motion.  This letter-motion promptly followed.

As I advised opposing counsel on May 15, my June calendar is busy.  I am traveling in the second week, have a filing deadline in the third week, and am arguing a Second Circuit case in the fourth week.  An adjournment to early July would give me an opportunity to fairly prepare for the deposition in light of the Court's decision on the motion to quash, and it would not affect any other date on the calendar.  While the Cohen Defendants have expressed conviction in their motion, they have not explained how an adjournment would prejudice them.  Proceeding with the deposition on May 28 risks prejudicing all parties because BBBY will hold the deposition open (or move to reopen it) for any documents produced.  The parties may then have to convene a second time when the deposition could have been one and done.

Accordingly, BBBY respectfully requests an adjournment of Ms. Kassian's deposition to a date agreeable to all parties between July 1 and July 24.

Respectfully submitted,

/s/ James A. Hunter

Copies by ECF: All Counsel of Record

---

[1] BBBY views the relief sought as a modification of a date set under the Court's scheduling orders of October 8, 2025 [Dkt. 47] and March 2, 2026 [Dkt. 51].  If the relief should instead be viewed as a protective order specifying the time of discovery, Fed. R. Civ. P. 26(c)(1)(B), or an order sequencing discovery, *id.* 26(d)(3), then BBBY respectfully requests a pre-motion conference preliminary to moving for such relief.