# EXHIBIT 26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC.,

Plaintiff,

v.

RYAN COHEN and RC VENTURES LLC,

Defendant.

Case No. 1:24-cv-05874-NRB

**STIPULATION REGARDING TOPICS 5-7 OF THE NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF 20230930-DK-BUTTERFLY-1, INC., F/K/A BED BATH & BEYOND INC.**

WHEREAS, on August 1, 2024 Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY"), filed the Complaint commencing this action (Doc. No. 1) against Ryan Cohen and RC Ventures LLC (together, the "Cohen Defendants"), which was subsequently amended on November 8, 2024 (Doc. No. 17), and July 18, 2025 (Doc. No. 38).

WHEREAS, on August 12, 2025, the Cohen Defendants filed the Answer and Affirmative Defenses of Defendants Ryan Cohen and RC Ventures LLC (Doc. No. 40).

WHEREAS, on November 6, 2025, the Cohen Defendants served on BBBY a Notice of Rule 30(b)(6) Deposition of Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. (the "BBBY Deposition Notice"), which identified seven topics for the examination of BBBY (the "Topics" and, each individually a "Topic"). The BBBY Deposition Notice is attached hereto as Exhibit A. All defined terms herein shall share the same meaning assigned to them in the BBBY Deposition Notice.

WHEREAS, the Cohen Defendants have agreed to withdraw Topics 5-7 in exchange for BBBY's agreement to stipulate to the facts contained herein.

IT IS HEREBY STIPULATED AND AGREED that:

1. No individual currently employed by BBBY has personal knowledge of Topics 5-7.

2. BBBY will not call any current employee to testify as a witness at trial on any matters related to Topics 5-7, other than to authenticate a document based on such witness's knowledge of BBBY's general record retention practices.

3. The Demand Response Letters, attached hereto as Exhibit B and Exhibit C, are true and authentic copies.

4. BBBY duly authorized Cleary Gottlieb Steen & Hamilton LLP ("Cleary") to send the Demand Response Letters on behalf of BBBY.

5. BBBY agreed to the terms of the Cooperation Agreement.

6. [redacted]. A copy of the Cooperation Agreement First Draft is attached hereto as Exhibit D.

7. [redacted]

8. Exhibit D is a true and authentic copy of the Cooperation Agreement First Draft.

9. With the exception of the stipulations of authenticity set forth above, BBBY reserves all objections to the use or admissibility of the Demand Response Letters, Cooperation Agreement, and Cooperation Agreement First Draft.

/s/ *James A. Hunter*

LAW OFFICE OF JAMES A. HUNTER
James A. Hunter
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Phone: +1 (484) 275-2162
Fax: +1 (646) 462-3356
Email: hunter@hunterkmiec.com

*Counsel for Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc.*

/s/ *Joshua M. Slocum*

WOLLMUTH MAHER & DEUTSCH LLP
Joshua M. Slocum
Maxwell G. Dillan
Jocelyn M. Stuto
500 Fifth Avenue
New York, New York 10110
Phone: +1 (212) 382-3300
Email: jslocum@wmd-law.com
mdillan@wmd-law.com
jstuto@wmd-law.com

*Counsel for Defendants Ryan Cohen and RC Ventures LLC*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC.,<br><br>Plaintiff,<br><br>v.<br><br>RYAN COHEN and RC VENTURES LLC,<br><br>Defendant. | Case No. 1:24-cv-05874-NRB |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF 20230930-DK-BUTTERFLY-1, INC., F/K/A BED BATH & BEYOND INC.**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Ryan Cohen ("Mr. Cohen") and RC Ventures LLC ("RCV" and, together with Mr. Cohen, the "Cohen Defendants") will take the deposition upon oral examination of the person(s) designated by Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY") with respect to the topics identified in Schedule A hereto, on a date and time and at a location agreed-upon in advance by the parties.

The deposition will be recorded by stenographic and/or videographic means before a person that is authorized to administer oaths and record testimony pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Dated: November 6, 2025

WOLLMUTH MAHER & DEUTSCH LLP

*/s/ Joshua M. Slocum*

Joshua M. Slocum
Maxwell G. Dillan
Jocelyn M. Stuto
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
jslocum@wmd-law.com
mdillan@wmd-law.com
jstuto@wmd-law.com

*Attorneys for Defendants Ryan Cohen and RC Ventures LLC*

# SCHEDULE A

## DEFINITIONS

1. "Action" means the above-captioned action commenced by Plaintiff against the Cohen Defendants on August 1, 2024 in the United States District Court for the Southern District of New York.

2. "All," "any," and "each" shall each be construed as encompassing any and all.

3. "BBBY," "You," and "Your," or "Plaintiff" means BBBY and includes any subsidiaries, parents or affiliated corporations, present or former officers, directors, employees, successors, predecessors, investigators, attorneys, accountants, agents, or representatives.

4. "Communication" or "Communications" shall mean the transmission of information (in the form of facts, ideas, inquiries, or otherwise) by any method, including, but not limited to, any contact between or among two or more persons, including written contact by means such as letters, memoranda, telegrams, telecopies, telexes, email, instant message, or any other Document; the transmittal of information by any oral contact such as face-to-face meetings or telephone conversations, and any writings memorializing any such oral contact.

5. "Cooperation Agreement" means the cooperation agreement entered into as of March 24, 2022 between Bed Bath & Beyond Inc. and RCV.

6. "Concerning" shall mean relating to, referring to, describing, evidencing, reflecting, or constituting.

7. "Demand Letters" means the pre-suit letters sent on August 22, 2022 and September 9, 2022 to the board of Bed Bath & Beyond Inc. on behalf of Bed Bath & Beyond Inc. stockholders.

8. "Demand Response Letters" means the letters sent on October 21, 2022 and November 8, 2022 on behalf of the board of Bed Bath & Beyond Inc. in response to pre-suit demand letters sent on behalf of Bed Bath & Beyond Inc. stockholders.

9. "FAC" means the First Amended Complaint filed by Plaintiff in this Action on November 8, 2024.

10. "Repurchase Program" means the accelerated stock repurchase program announced in the November 2, 2021 press release attached to the FAC as Exhibit H.

**INSTRUCTIONS**

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the deposition topics set forth herein:

1. Any noun used in the singular form shall be construed to include the plural form, and vice versa.

2. Each topic shall be construed independently, and no topic shall be viewed as limiting the scope of any other topic.

3. If You object to a portion or aspect of a deposition topic, state the grounds for Your objection with specificity.

4. References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

## TOPICS FOR EXAMINATION

1. All events, activities, and communications concerning the Repurchase Program.

2. Your calculation of the outstanding share count as of November 27, 2021 disclosed in Your Form 10-Q, filed on January 6, 2022.

3. Your calculation of the outstanding share count as of February 26, 2022 disclosed in Your Form 8-K, filed on April 13, 2022

4. The number of Your outstanding shares from November 27, 2021 to April 13, 2022.

5. Your knowledge of Mr. Cohen and RCV's purchases and sales of BBBY shares, including but not limited to, Mr. Cohen and RCV's beneficial ownership of BBBY shares.

6. Your receipt of and response to the Demand Letters, including but not limited to, Your preparation of the Demand Response Letters.

7. All events, activities, and communications concerning the Cooperation Agreement.

# EXHIBIT B

# EXHIBIT 7

CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

AMERICAS: NEW YORK, SAN FRANCISCO, SÃO PAULO, SILICON VALLEY, WASHINGTON, D.C.
ASIA: BEIJING, HONG KONG, SEOUL
EUROPE & MIDDLE EAST: ABU DHABI, BRUSSELS, COLOGNE, FRANKFURT, LONDON, MILAN, PARIS, ROME

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212 225 2507
jgerber@cgsh.com

October 21, 2022

BY EMAIL

Jeffrey S. Abraham
Abraham, Fruchter & Twersky, LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123

Re: Section 16(b) Demand

Dear Mr. Abraham:

I write on behalf of Bed Bath & Beyond Inc. (the "Company") in response to your August 22, 2022 letter to the Company's Board of Directors (the "Letter") demanding that the Company file a lawsuit or take other action against RC Ventures LLC ("RC Ventures") for allegedly obtaining short-swing profits in violation of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"). For the reasons discussed below, after thoroughly investigating the transactions identified in your Letter, the Company has concluded that those transactions do not give rise to liability under Section 16(b).

As you are aware, if an insider (director, officer, or ten percent beneficial owner) of a public corporation realizes a profit from a "short-swing transaction," including any matchable purchase and sale of any equity security of the issuer within a six-month period, Section 16(b) of the Exchange Act authorizes the issuer to recover any such "short-swing profits" from such statutory insider. 15 U.S.C. § 78p(b). The short-swing profit rule was implemented as a deterrent against insider trading, and to prevent insiders with greater access to material nonpublic information from taking advantage of that information. However, the profits identified in your Letter are not recoverable pursuant to Section 16(b) for the following reasons:

*First*, RC Ventures is not subject to Section 16(b) because it was not individually a beneficial owner of 10% or more of the Company's common stock at the time of the purchases identified in your Letter. Under the plain language of Section 16(b), that provision "shall not be construed to cover any transaction where such beneficial owner was not such both at the time of

the purchase and sale." 15 U.S.C. § 78p(b). Here, RC Ventures did not become a beneficial owner of 10% or more of the Company's common stock for the purposes of Section 16(b) until after making the purchases identified in your Letter.

Your Letter's contrary assertion that RC Ventures was a "beneficial owner[] of 10% or more of the Common Stock by no later than March 1, 2022," because of share repurchases made by the Company before that date, Letter at 2-3, is incorrect. Under Rule 13d-1(j), "any person, in determining the amount of outstanding securities of a class of equity securities, may rely upon information set forth in the issuer's most recent quarterly or annual report." 17 C.F.R. § 240.13d-1(j). Here, as your Letter acknowledges, RC Ventures' holdings after the identified purchases represented 9.8% of the Company's aggregate shares outstanding based on the number of shares outstanding set forth in the Company's most recent quarterly or annual report. Your Letter does not identify any basis to conclude that RC Ventures knew or had reason to believe that it could not rely on those disclosures at the time of the relevant purchases, all of which pre-dated the Company's cooperation agreement with RC Ventures. Significantly, "an issuer's announcement of a stock repurchase program is not enough to charge a person with knowledge of the precise date on which the issuer later repurchases enough of its outstanding shares to push that person over the ten percent threshold." *Romeo & Dye* § 2.03(3)(j)(iv) n.77.

Accordingly, Section 16(b) does not cover the purchases identified in your Letter because RC Ventures was not individually a 10% beneficial owner "at the time of the purchase[s]." 15 U.S.C. § 78p(b).

*Second*, your Letter likewise provides no support for its alternative assertion that RC Ventures was a beneficial owner of 10% or more of the Company's common stock at the time of the identified purchases "as a member of a group within the meaning of § 13(d) of the Exchange Act." Letter at 6. The only other investor in the Company's common stock identified in your Letter, FCM BBBY Holdings LLC ("Freeman Capital"), made its acquisitions in July 2022, months after the purchases by RC Ventures identified in your Letter. Accordingly, even if RC Ventures could be considered a member of a group with Freeman Capital for the purposes of Section 16(b), Freeman Capital's purchases could not have rendered RC Ventures a beneficial owner of 10% or more of the Company's common stock at the time of the purchases identified in your Letter.

*Third*, your Letter also provides no basis to conclude that RC Ventures could be considered a director for the purposes of Section 16(b) through purportedly "deputizing the New Directors to represent its interests on the Board." Letter at 6. The Supreme Court has "imposed a heavy burden of proof upon a person seeking to establish deputization in a case under Section 16(b)," which "requires a litigant to show . . . that the [nominating entity] and the [individual] intended the [individual] to perform his or her directorial duties for the benefit of the [nominating entity] and that the [individual] acted in the interest of the [nominating entity] when performing those duties." *Romeo & Dye* § 2.04(2). Here, this heavy burden is not met because RC Ventures' nominees to the Company's Board of Directors are independent of RC Ventures, and each possesses substantial prior experience serving as a director of other public companies.

*Finally*, even if RC Ventures could be considered a director of the Company by deputization, it would still not be subject to Section 16(b) because it would not have been such a

director at the time of the purchases identified in your Letter. “Any transaction effected by a person who is not, at the time of the transaction an officer or director of the issuer . . . is exempt from Section 16.” *Romeo & Dye* § 6.02(8)(a) (“Rule 16a-2(a), which was adopted in 1991, exempts *all* transactions that occur prior to becoming an officer or director.”). Here, as your Letter acknowledges, the directors nominated by RC Ventures were not appointed until March 25, 2022. Letter at 3. Accordingly, RC Ventures could not have been a director by deputization at the time of the purchases identified in your Letter, which were made no later than March 3, 2022. *Id.* at 2.

*     *     *

In light of the foregoing, we consider your demand that the Company file a lawsuit or take other action to recover the profits earned by RC Ventures under Section 16(b) to be resolved. The Company reserves all rights and remedies under applicable law.

Sincerely,

Jared Gerber

Jared Gerber

# EXHIBIT C

# EXHIBIT B

CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

ASIA
BEIJING
HONG KONG
SEOUL

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRALDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212 225 2507
jgerber@cgsh.com

November 8, 2022

BY EMAIL

Lee Squitieri
Squitieri & Fearon, LLP
305 Broadway, 7th Floor
New York, NY 10007

Re: Section 16(b) Demand

Dear Mr. Squitieri:

I write on behalf of Bed Bath & Beyond Inc. (the "Company") in response to your September 9, 2022 letter to the Company's Board of Directors (the "Letter") demanding that the Company investigate and institute a suit against RC Ventures LLC and Ryan Cohen ("RC Ventures") for allegedly obtaining short-swing profits in violation of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"). For the reasons discussed below, after thoroughly investigating the transactions identified in your Letter, the Company has concluded that those transactions do not give rise to liability under Section 16(b).

As you are aware, if an insider (director, officer, or ten percent beneficial owner) of a public corporation realizes a profit from a "short-swing transaction," including any matchable purchase and sale of any equity security of the issuer within a six-month period, Section 16(b) of the Exchange Act authorizes the issuer to recover any such "short-swing profits" from such statutory insider. 15 U.S.C. § 78p(b). The short-swing profit rule was implemented as a deterrent against insider trading, and to prevent insiders with greater access to material nonpublic information from taking advantage of that information. However, the profits identified in your Letter are not recoverable pursuant to Section 16(b) for the following reasons:

*First*, RC Ventures is not subject to Section 16(b) because it was not a beneficial owner of 10% or more of the Company's common stock at the time of the purchases identified in your Letter. Under the plain language of Section 16(b), that provision "shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase

and sale." 15 U.S.C. § 78p(b). Here, RC Ventures did not become a beneficial owner of 10% or more of the Company's common stock for the purposes of Section 16(b) until after making the purchases identified in your Letter.

Your Letter's contrary assertion that RC Ventures "appear[s] to have passed the 10% beneficial owner threshold with their purchase on March 1, 2022 of 5000 BBB options" and "continued to acquire BBB securities, including 6701 Call Options (American Style) and 779,546 shares of common stock" "[a]fter becoming 10% beneficial owners," is incorrect. Under Rule 13d-1(j), "any person, in determining the amount of outstanding securities of a class of equity securities, may rely upon information set forth in the issuer's most recent quarterly or annual report." 17 C.F.R. § 240.13d-1(j). Here, RC Ventures' holdings after the identified purchases represented 9.8% of the Company's aggregate shares outstanding based on the number of shares outstanding set forth in the Company's most recent quarterly or annual report. Your Letter does not identify any basis to conclude that RC Ventures knew or had reason to believe that it could not rely on those disclosures at the time of the relevant purchases, all of which pre-dated the Company's cooperation agreement with RC Ventures.

Accordingly, Section 16(b) does not cover the purchases identified in your Letter because RC Ventures was not a 10% beneficial owner "at the time of the purchase[s]." 15 U.S.C. § 78p(b).

*Second*, your Letter's assertion that RC Ventures was "represented on BBB's board by 'designated directors'" is not relevant for the purposes of Section 16(b) because those directors were not members of the board at the time of the purchases identified in your Letter. "Any transaction effected by a person who is not, at the time of the transaction an officer or director of the issuer . . . is exempt from Section 16." *Romeo & Dye* § 6.02(8)(a) ("Rule 16a-2(a), which was adopted in 1991, exempts *all* transactions that occur prior to becoming an officer or director."). Here, the directors nominated by RC Ventures were not appointed until March 25, 2022. Accordingly, those directors were not in place at the time of the purchases identified in your Letter, which were made no later than March 3, 2022.

* * *

In light of the foregoing, we consider your demand that the Company file a lawsuit or take other action to recover the profits earned by RC Ventures under Section 16(b) to be resolved. The Company reserves all rights and remedies under applicable law.

Sincerely,

Jared Gerber

Jared Gerber

# EXHIBIT D

# Filed Under Seal